Battle, J.
 

 The indictment, in both of its counts, negatives the fact, that the spirituous liquor alleged to have been sold and delivered, or delivered as a gift to the slave, was for the owner or employer, or, by the order of the owner or of •any person having the management of the said slave. This was proper, as was expressly decided in the case of the
 
 State
 
 v. Hiller, 7 Ire. Rep. 275, where the subject is fully discussed and explained. Such being the case, we cannot perceive any sufficient reason why the averment, though a negative one, should not be proved on the part of the State. It is unquestionably-the general rule, that every fact necessary to constitute a substantial offense, must be charged in the indictment, and proved on the trial by the State. The case of
 
 State
 
 v. Woodly, 2 Jones’ Rep. 276, which was fully argued by counsel, and maturely considered by the Court, clearly recognises this rule as founded alike on reason and authority. It is true, there is an exception, or rather an apparent exception, to the rule, arising from necessity, or that great difficulty in procuring the proof, which amounts practically to such necessity, or in other words, where the prosecutor could not well show the negative, and where the defendant could easily show the .affirmative. The case of the
 
 State
 
 v. Morrison, 3 Dev. Rep. 299, may be cited as one coming within the exception. There, upon an indictment against a person for retailing spirituous liquor by the small measure, without a license, it was held that the prosecutor need not produce proof of a want of license, but the. license must be shown by the defendant in his defense, and that the absence of such proof on his part, was evidence that he had no license. The Court, in commenting upon that case, in the
 
 State
 
 v. Woodly, said that it imposed no -hardship upon the defendant to require him to produce his license, which was a written document, and which his interest, as well as his duty, required him to keep as a justification for acts which he might do every day, and many
 
 *252
 
 times every clay. Rut the present case is very different, for it is manifest that the owner, employer, or manager; of a slave, can as easily be called on the part of the State, to prove that he gave permission in writing to the slave to purchase, or receive as a gift, spirituous liquors, as for the defendant to call him or any other person, to prove the contrary; and we think it best to adhere to the general rule until the- Legislature may think proper to alter it. The verdict and judgment must be set aside, and a
 
 venire de novo
 
 awarded to the defendants, and for that purpose this opinion must be certified to the Court below as the law directs.
 

 Per OueiaM, Judgment reversed.