STATE v. JAMES ALDRIDGE.

*Indictment—Slander of Women.*

An indictment under the act of 1879, ch. 156, for slandering an innocent woman, must contain the averment that the woman is innocent.

(*State* v. *McDaniel*, 84 N. C., 805, cited and approved.)

INDICTMENT tried at Spring Term, 1880, of CRAVEN Superior Court, before *Gudger, J.*

The defendant was tried and convicted upon an indictment under the act of 1879, ch. 156, entitled "an act to make the slander of women indictable," and appealed from the judgment pronounced.

The indictment is as follows: The jurors, &c., present, that James Aldridge, late of the county of Craven, on the 1st day of May, A. D. 1879, with force and arms, at and in the county aforesaid, did unlawfully and wilfully attempt in a wanton and malicious manner to injure the reputation of one Holland Williams, by falsely stating that he had carnal intercourse with her, against the form of the statute in such case made and provided and against the peace and dignity of the state.

*Attorney General,* for the State.
No counsel for defendant.

ASHE, J. The act under which this indictment was preferred reads: "That any person who may attempt in a wanton and malicious manner to destroy the reputation of an innocent woman by words written or spoken, which amounts to a charge of incontinency, shall be guilty of a crime, and on conviction thereof shall be fined or imprisoned at the discretion of the court."

The object of the legislature in passing this act was to protect the character of innocent women, that is, chaste and virtuous women, against wanton and malicious attempts to destroy their reputation by charges of incontinency. It is for the protection only of innocent women, and as was said by Mr. Justice RUFFIN in the case of *State* v. *McDaniel*, 84 N. C., 805, " the *innocency* of the woman, who is the subject of the attempt, lies at the very foundation of the offence, and constitutes its most essential element, its very *sine qua non*, and must of necessity be distinctly averred in the indictment." There is no such averment in this bill of indictment and in that particular it is defective, and the judgment of the court below must therefore be arrested.

Let this be certified to the superior court of Craven county that the case may be proceeded with according to law.

Error.                                          Reversed.