STATE v. JOHN A. McINTOSH.

*Indictment—Slander of Innocent Female.*

After conviction the defendant moved in arrest of judgment, because the indictment did not state "the circumstances under which the words were spoken by which the *attempt* is charged to have been made; *Held,* that this was not required; and that in indictments which charge statutory offences it is not only sufficient to use the words of the statute, but it was necessary to do so, or at least to use words of equivalent import. *Held further,* that the offence defined in the statute—*The Code,* §1113—is the attempt to destroy the reputation of an innocent woman, and when the indictment is for attempting to commit an offence, an exactness as great as in one which charges the offence itself is not essential.

(*State* v. *McDaniel,* 87 N. C., 803; *State* v. *Liles,* 78 N. C., 496; *State* v. *Aldridge,* 86 N. C., 680, cited and approved).

INDICTMENT tried at Fall Term, 1884, of the Superior Court of MOORE county, before *Shepherd, Judge.*

The case is sufficiently stated in the opinion of the court.

After conviction the defendant moved in arrest of judgment. Motion overruled. Judgment. Appeal by defendant.

*Attorney-General,* for the State.
*Mr. J. W. Hinsdale,* for the defendant.

ASHE, J. This was an indictment tried before *Shepherd, Judge,* at the Fall Term, 1884, of Moore Superior Court.

The defendant was indicted under the statute—*The Code,* §1113—for attempt to destroy the reputation of one V. F. Fry, an innocent woman, by charging her with incontinency. The indictment upon which defendant was tried is as follows, to-wit: "The jurors upon their oath present, that John A. McIntosh, late of said county of Moore, on the 1st day of January, 1884, with force and arms, at and in the county of Moore, unlawfully, maliciously and wantonly contriving, attempting and intending, to vilify and defame and to destroy the reputation of one V. F.

Fry, an innocent woman, and to injure her, the said V. F. Fry, did falsely, maliciously and wantonly say that he, the said John A. McIntosh, had had sexual intercourse with the said V. F. Fry, to the great damage of the said V. F. Fry, and against the form of the statute, &c."

The jury found the defendant guilty. The defendant moved in arrest of judgment, which was overruled by the court and judgment pronounced, from which the defendant appealed.

The ground assigned by the defendant's counsel for the arrest of judgment, is that the bill of indictment is defective in not stating the circumstances under which the words were spoken, by which the attempt is charged to have been made to destroy the reputation of the woman.

We do not concur with the view of the indictment taken by the defendant's counsel. We are of the opinion that there is no ground for arresting the judgment. The crime charged in the indictment is a statutory offence. The statute reads, " if any person shall attempt in a wanton and malicious manner, to destroy the reputation of an innocent woman, by words written or spoken, which amount to a charge of incontinency, every person so offending shall be guilty of a misdemeanor and fined or imprisoned at the discretion of the court."

The offence defined by the statute consists, not in the slander of a woman by falsely charging her with incontinency, but in the attempt to destroy the reputation of an innocent woman. *State* v. *McDaniel*, 84 N. C., 803.

The indictment follows the words of the statute, and it is well established as a general rule, that in indictments for offences created by statute, it is not only sufficient to follow the words of the statute, but it is necessary to do so, or at least to use words of equivalent import, otherwise the indictment will be defective. Bishop, in volume 1 of his work on Criminal Procedure, thus lays down the rule : " When the offence is purely statutory, having no relation to the common law—when, in other words, the statute specifically sets out what acts shall constitute the offence,

it is, as a general rule, sufficient in the indictment to charge the defendant with acts coming fully within the statutory description, in the substantial words of the statute, without any further expansion of the matter." And, in *State* v. *Liles,* 78 N. C., 496, it is stated, at the end of the opinion, that it is a well settled general rule, that in an indictment for an offence created by statute, it is sufficient to describe the offence in the words of the statute. To the same effect is *Pogue* v. *The State,* 8 Ohio State, 229; *Howell* v. *Commonwealth,* 5 Grat., 664; *State* v. *Casador,* 1 Nott & McC., 91; *State* v. *Gove,* 34 N. H., 510.

In *Rex* v *Erle,* 2 Lewin, 133, which was an indictment under the English Statute providing certain punishment for any one who should "stab, cut or wound any person with intent to maim," &c., it was held by Coleridge, Judge, not to be necessary in an indictment under that statute to set forth with what instrument the wound was inflicted. It was said that the indictment followed the words of the statute, and that was sufficient, and whether the instrument used was such as was calculated to produce the injury complained of was matter of evidence.

And in *State* v. *Ladd,* 2 Swan (Tenn.), 226, which was an indictment for "unlawfully and maliciously shooting a person," under a statute of the State of Tennessee, it was held that it was not necessary to describe the weapon, the wound that was inflicted or the circumstances attending the act; but it was sufficient for the indictment to charge that the accused "did unlawfully and maliciously shoot," &c.

If the Legislature had made it an indictable offence simply to slander a woman, there might possibly be some force in the position taken by the defendant's counsel, but it must be borne in mind that the offence enacted by the statute is the *attempt* to destroy the reputation of an innocent woman, by the means mentioned in the statute, to-wit—by *charging her with incontinency,* and there is a marked distinction, recognized by the authorities, between charging a crime, and charging the attempt to commit a crime. *Wharton* lays it down that in indictments for attempt to

commit crimes in themselves indictable, it is not necessary to observe the same particularity as is required in indictments for the commission of the crime itself. *Whar. Cr. Law,* 292 and 1282.

In *Rex* v. *Higgins,* 2 East, 5, it was held that in an indictment for attempting to commit an offence, it is not necessary to maintain an exactness as great as that which is essential in an indictment for the offence itself. And, in *People* v. *Bush,* 4 Hill, 133, the general principle was laid down, " that in cases of indictments for attempts, it was not necessary to point out the specific means by which the attempt was consummated." That refers to those cases where the means are not mentioned in the statute, but if they are, as in this case, of course those means must be pointed out by following the words of the statute, as has been done in this indictment. In the case of *State* v. *McDaniel, supra,* and *State* v. *Aldridge,* 86 N. C., 680, the indictments were similar in form to that under consideration, and were sustained by the Court.

We are of opinion that it was sufficient for the indictment to follow the words of the statute. That by so doing it expressed the charge against the defendant in a *plain, intelligible* and *explicit manner,* and sufficient matter appears to enable the Court to proceed to judgment, and when that is so, the judgment must not be arrested.

There is no error. Let this be certified to the Superior Court of Moore county, that the case may be proceeded with acccording to law.

No error. Affirmed.