THE STATE v. W. M. BAGWELL et al.

*Unlawful Opening and Publishing Letter—Indictment.*

It is necessary to charge, in an indictment for a violation of section 2, ch. 41, Laws 1889, and to prove upon the trial, that the letter or telegram was "sealed," or that it was published with knowledge that it had been opened and read without authority.

This is an indictment charging the defendants with reading, publishing and making known the contents of a letter without authority, in violation of chapter 41, § 2, of the Acts of 1889, tried before *Bynum, J.,* at the August Term, 1890, of the Superior Court of IREDELL County.

The indictment charges that the defendants, on or about the 10th day of July, 1890, did "unlawfully, wilfully, and without proper authority, take into their possession a certain letter written by Emma L. Rankin to S. C. Rankin on or about June 20th, 1890, which said letter was duly received by the said S. C. Rankin, through the United States mail, at the postoffice in Mooresville, N. C., on or about the 24th day of June, 1890," and that the said defendants "did, on or about the 12th day of July, 1890, unlawfully, wilfully, and without authority, read, publish and make known the contents, &c., of the said letter, against the form of the statute," &c.

Before the jury was impaneled the defendants moved "to quash the bill of indictment, upon the plea that the bill fails to charge an offence under the statute, and particularly for that it fails to describe the letter in question to have been 'a sealed letter,' and fails to charge the alleged reading and publishing to have been done with knowledge that said letter had been opened without proper authority."

After hearing the argument of counsel, his Honor quashed the indictment, and the State appealed.

*The Attorney General* and *Mr. R. H. Battle,* for the State.
*Mr. W. M. Robbins,* for the defendants.

DAVIS, J.—after stating the facts: The following is the act
under which the defendants are indicted: "Any person who
wilfully, and without authority, opens and reads, or causes
to be opened or read, a sealed letter or telegram, or publishes
the whole or any portion of such letter or telegram, know-
ing it to have been opened or read without authority, shall
be guilty of a misdemeanor," &c.   Acts of 1889, ch. 41, § 2.

This indictment is for an offence created by statute, and
it not only fails to follow the language of the statute, descrip-
tive of the offence, but, by the most liberal construction, it
cannot be made to charge that the defendants opened or
read a "*sealed letter or telegram,*" or that they "published the
whole or any portion of *such letter or telegram knowing* it to
have been opened and read without authority," and these
are necessary words, descriptive of the offence, without which
the indictment fails to charge any offence under the statute.
*State* v. *Deal,* 92 N. C., 802; *State* v. *Hall,* 93 N. C., 571;
*State* v. *Aldridge,* 86 N. C., 680; *State* v. *Watkins,* 101 N. C.,
702, and cases there cited.

It is insisted for the State that the letter was "received
through the United States mail," and the material charge
here was the unlawful publishing and making known its
contents without authority.

We do not see how this can aid the indictment.   The
statute does not make it an offence to open, read and make
public a letter received through the United States mail, but
it must be a "*sealed* letter," and opened or read without
authority, or published "*knowing* it to have been opened or
read without authority."   This is not charged, and the
indictment was properly *quashed.*

Affirmed.