STATE v. THOMAS A. MALLOY.

*Innocent Woman—Slandering Innocent Woman—Malice.*

1. An innocent woman within the meaning of section 1113 of *The Code*, is one who has never had sexual intercourse with any man.

2. When a slanderous charge is made, malice is implied except in case of a privileged communication.

3. Where, in the trial of an indictment charging defendant with maliciously slandering an innocent woman, the defendant admitted using words which amounted to a charge of incontinency, and attempted to justify by proving their truth, the only question for the jury was the innocency, or otherwise, of the woman.

Indictment for slandering an innocent woman, under section 1113 of *The Code*, tried before *Battle, J.*, and a jury, at July Term, 1894, of ROCKINGHAM Superior Court.

The defendant is charged with attempting in a wanton and malicious manner to destroy the reputation of the prosecutrix, an innocent woman, by speaking words in substance as follows, to wit, that he, the defendant, had on several occasions had sexual intercourse with the prosecutrix.

Testimony was offered by the State tending to prove that defendant spoke the words as alleged to one Kallam, and the prosecutrix testified that she was an innocent woman and had never had sexual intercourse with any man. The defendant, as a witness in his own behalf, testified in detail that on three occasions he had had sexual intercourse with the prosecutrix; that prosecutrix afterwards informed him that she was pregnant and that he was the father, and that he must marry her or go to jail; that he was frightened and consulted his brother-in-law as to what he should do; told him of his intercourse with the prosecutrix; of her telling him she was pregnant and he must marry her, and of the advice he received from his brother-in-law. There was tes-

115—47

timony on each side in corroboration ; and that the character of the prosecutrix was good, and that of the defendant was fair.

The defendant insisted that the State should satisfy the jury that the prosecutrix was an innocent woman ; that the words were false, and that they were spoken with intent to destroy the reputation of the prosecutrix, wantonly and maliciously. His Honor instructed the jury that the burden was on the State to make good its charge; the principal question is, is the prosecutrix an innocent woman ? If defendant uttered the words, and they were false, the law presumed malice, as in murder when deadly weapons are used, and as lewdness and lasciviousness were presumed in fornication and adultery, the defendant having admitted speaking the words, the only question is, is the woman an innocent woman ? The defendant excepted. There was a verdict of guilty, judgment and appeal. The error assigned is in the charge, to wit: " That since, if the law presumed the malice from the speaking of the words (which was not correct) the Judge should have further instructed that the presumption could be rebutted." "That the innocency of the woman was not the only question for the jury."

*The Attorney General*, for the State.
No counsel, *contra.*

MACRAE, J.: The defendant admitted speaking words charging the prosecutrix with incontinency. If these words were false, their natural effect and consequence were to destroy the reputation of the prosecutrix. " Where a slanderous charge is made, the law *prima facie* implies malice from the publication, unless in the case of a privileged communication, which appears when the party is acting under a legal or moral duty towards the person to whom it is made, and in such cases malice must be proved." *State* v. *Hinson*,

103 N. C., 374. In no view of the case could the words spoken, as admitted by the defendant, have been privileged if they were not true.

An innocent woman in view of this statute is one who has never had sexual commerce with any man. *State* v. *Brown,* 100 N. C., 519. When the jury were required to pass upon the question whether the prosecutrix were an innocent woman, there was necessarily involved an issue as to the truth or falsity of the words spoken, for if those words were true she could not be innocent.

The defendant admitted having used the words which amounted to a charge of incontinency, and attempted to justify by proving their truth. The only question for the jury was bound up in the innocence or otherwise of the prosecutrix. If she were innocent, the charge was false; and if false, it was, in this case, from its nature, malicious.

Affirmed.