STATE v. MITCHELL.

(Filed April 21, 1903.)

SLANDER—*Slander of Innocent Woman—Indictment—The Code, Sec. 1113.*

An indictment for slander of an innocent woman must contain the averment that the defendant *attempted to destroy the reputation of an innocent woman.*

INDICTMENT against J. G. Mitchell, heard by Judge *A. L. Coble* and a jury, at February Term, 1902, of the Superior Court of ROCKINGHAM County. From a verdict of guilty and judgment thereon, the defendant appealed.

*Robert D. Gilmer, Attorney-General,* and *C. O. McMichael,* for the State.

*Scott & Reid, Glenn, Manly & Hendren,* for the defendant.

CLARK, C. J. Indictment for slander of an innocent woman under The Code, Sec. 1113. The indictment charges

that the defendant did "unlawfully, wilfully, wantonly and maliciously utter, publish and speak certain words against Lucy L. Mitchell, which said words so uttered, published and spoken by said defendant amounted to a charge of incontinency against the said Lucy L. Mitchell, she the said Lucy L. Mitchell being a chaste, pure, virtuous and innocent woman." The State introduced testimony tending to prove the allegations of the bill. The defendant admitted that the prosecutrix was an innocent and virtuous woman and introduced testimony denying the speaking of any words amounting to a charge of incontinency. There was a verdict of guilty with a recommendation of mercy. Motion in arrest of judgment in that the bill does not charge that the defendant "attempted to destroy the reputation of an innocent woman." Motion denied and the defendant excepted. Defendant fined $5 and appealed. This is the only point presented.

The Code, Sec. 1113, provides: "If any person shall attempt in a wanton and malicious manner to destroy the reputation of an innocent woman by words written or spoken, which amount to a charge of incontinency, such person shall be guilty of a misdemeanor," etc. The defendant admits that the prosecutrix is an innocent woman and the verdict establishes that the defendant maliciously and wantonly spoke words in regard to her which amounted to a charge of incontinency.

In *State v. McIntosh,* 92 N. C., 794, Ashe, J., says: "The offense defined by the statute consists not in the slander of a woman by falsely charging her with incontinency, but in the attempt to destroy the reputation of an innocent woman," citing those words from Ruffin, J., in *State v. McDaniel,* 84 N. C., 803, yet this is the very allegation which is omitted from the indictment in this case. In *State v. Edens,* 95 N. C., 695; 59 Am. Rep., 294, Smith, C. J., says: "At common law verbal slander was not the subject of a criminal

prosecution and is now a misdemeanor only in the case of the imputation of a want of virtue in an innocent woman made in a wanton and malicious attempt to destroy her reputation." There are no words in this bill which charges that the purpose, intent or object of defendant in charging incontinency was to destroy the reputation of the prosecutrix.    The words, "wilfully and wantonly" have not that effect.    In *State v. Malloy,* 115 N. C., 737, there was no point made on the indictment, which besides contained the words "attempt to destroy the reputation of."

As a rule it is sufficient and best to follow the words of the statute and if the draftsman of this bill had done so he could have much abbreviated this indictment and omitted much repetition and many unnecessary words, and would not have omitted the essential words that should have been charged.

The State relies upon *State v. Barnes,* 122 N. C., 1031, in which it was held that the omission of the words "with intent" in an indictment for assault with intent to commit rape is not ground for arrest of judgment, when it sufficiently appears from the other words used that the intent is alleged. So here, the omission of the words "attempt to destroy the reputation" would not be fatal if that charge was made in other terms, but it is not, yet it is an essential element of the offense.    There are other words in *State v. Barnes* which we have cited with approval more than once and recently again in *State v. Marsh,* at this term, to-wit: "The Code, Sec. 1183, was enacted to prevent miscarriages of justice, but not to encourage prosecuting officers to try experiments with new forms, or to excuse them from the duty of ascertaining and following those which have been approved by long use or by statute."    When an offense is statutory it is best as a general rule to follow its terms, neither adding unnecessary words nor

omitting any material averment, both of which were done in this instance.

The following would be a sufficient indictment under this statute: "The jurors for the State on their oath present that A. B. in the County of E did attempt wilfully and wantonly to destroy the reputation of C. D., an innocent woman, by words written (or ˘ spoken, as the case may be), which amounted to a charge of incontinency. .......... Solicitor."

This is the form substantially which was approved in *State v. Haddock,* 109 N. C., 874. In *State v. Arnold,* 107 N. C., at p. 863, this court in like manner settled and approved the form of indictments for murder and manslaughter. The same was done as to indictments for perjury, *State v. Thompson,* 113 N. C., 638; *State v. Gates,* 107 N. C., 834; *State v. Peters, Ib.,* at p. 882, and has been done also in the case of some other offenses.

"It is not necessary to set forth (in the indictment) the words by which the attempt was made." *State v. Haddock,* 109 N. C., at p. 875, quoting *State v. George,* 93 N. C., 568, that it is sufficient to copy the statute. In *State v. McIntosh,* 92 N. C., at p. 797, the same rule is stated, the court quoting *People v. Bush,* 4 Hill, 133: "In indictments for attempts it is not necessary to point out the specific means." This is followed in *State v. Ellsworth,* 130 N. C., 690 (attempt to commit burglary), and *State v. Peak, Ib.,* 711 (attempt to commit rape). In *State v. Harwell,* 129 N. C., 550, the Solicitor saw fit, for some reason, to set out in the bill the words, and thus their legal effect became matter for consideration in a motion to quash. If not thus set out, objection could have been taken to the admission as evidence, or by a prayer for instructions. This is preferable to making the words used a matter of perpetual record.

Judgment Arrested.