### STATE *v.* ELZIE SMITH AND BERT LILES.

#### (Filed 26 May, 1911.)

1. **Slander—"Innocent Woman"—Essential Facts.**

    Upon a trial for the slander of an innocent woman under Revisal, sec. 3640, the innocence and virtue of the woman are essential elements of the crime.

2. **Same—Burden of Proof.**

    The burden is upon the State to show that an innocent and virtuous woman has been slandered in order to convict under the provisions of Revisal, sec. 3640.

3. **Slander — "Innocent Woman" — Good Character—Instructions— Burden of Proof—Conflicting Charge—Appeal and Error.**

    Upon a charge of slander of an innocent woman under Revisal, sec. 3640, the court instructed the jury that the burden was upon the State to show by the preponderance of the evidence that the woman was virtuous or innocent, but further charged, with reference to this matter, that "the law presumes all witnesses are of good character, and it likewise presumes that a woman is of good character until the contrary appears." In analyzing the charge in this case, and giving it a fair and reasonable construction as a whole, *Held,* reversible error, as it in effect put the burden on defendant to show that the prosecutrix was not innocent or virtuous, or at least left the jury in doubt where this burden rested.

THIS is an indictment for the slander of an innocent woman under Revisal, sec. 3640. The exceptions are to the charge of

the judge. He correctly defined the term "innocent woman" as used in the statute, and then charged upon the burden of proof as follows:

1. The burden of proving the charge is upon the State, and it must satisfy you beyond a reasonable doubt, and if it fails to offer evidence which will establish the uttering of the slanderous words beyond a reasonable doubt, the offense is not made out; but the defendants having admitted uttering the slanderous words, proof of that fact is dispensed with, and you will find that they were uttered.

2. The law presumes that all witnesses are of good character till same is impeached, and it likewise presumes that a woman is of good character for virtue till the contrary appears; but evidence having been offered in impeachment of the character of the woman, May Liles, the court charges you that the burden is cast upon the State to prove that she is a woman innocent within the purview of the statute, and if you find that she is not an innocent and virtuous woman as explained to you above, then you will not convict, but will return a verdict of "Not guilty" as to both the defendants.

3. The court further charges you that the defendants do not have to satisfy you beyond a reasonable doubt as to the truth of the slanderous language used, but only have to offer such evidence as will cause you to entertain a reasonable doubt as to their truth, because if you have a reasonable doubt as to the virtue of the prosecuting witness you cannot convict, and the court so charges you.

4. The only question for you to determine in this case is whether the statement of the defendants, that they both had had criminal intercourse with the prosecuting witness, May Liles, is true; and if you have a reasonable doubt of this testimony, then you will not convict. The defendants testify that they have had intercourse with May Liles, and she denies it and offers evidence of her good character. All this you will consider, but, as stated above, the only question in the case is whether these statements of the defendants are true, and your verdict will turn upon your findings in this particular.

5. The statute was passed to protect and preserve the charac-

ter of innocent women, as already explained to you, and before you can convict it must appear that the woman is innocent and virtuous. The court has told you where the burden of proof rests, and calls the matter again to your attention to impress it upon your minds.

6. You will consider the evidence offered by the State as to the character of the prosecuting witness, May Liles, and if you find upon the evidence and from the presumptions as explained to you, beyond a reasonable doubt, that said prosecuting witness, May Liles, is an innocent and virtuous woman, then you will return a verdict of "Guilty."

The jury returned a verdict of guilty. The defendants, after moving unsuccessfully for a new trial, appealed from the judgment rendered upon the verdict.

*Attorney-General Bickett and Assistant Attorney-General George L. Jones for the State.*

*Defendants not represented in this Court.*

WALKER, J. When the charge of the court is analyzed and its several parts compared and after giving it a fair and reasonable construction as a whole, which we are required to do in all cases, we are driven to the conclusion that the judge virtually told the jury that the burden was on the defendants to disprove the innocence of the prosecutrix. It may well be inferred from one or two sentences of the charge that his Honor thought the burden as to this ingredient of the offense was upon the State, and this was the correct view; but when he said that there was a presumption of law in favor of the innocency and virtue of the prosecutrix, *until the contrary appears,* he might as well have gone further and instructed the jury, in so many words, that, unless the defendants had satisfied them she was not an innocent woman, the presumption should prevail and they would find the fact accordingly. A similar charge was condemned by this Court in *S. v. McDaniel,* 84 N. C., 803. We reproduce the syllabus of the case: "On trial of an indictment for slander under the act of 1879, ch. 156, the admission of the defendant that he spoke the words charged does not shift the burden of proof upon him to show he had not slandered an

innocent woman. Her innocence is a question for the jury upon the evidence, and no presumption of her innocence should be allowed to weigh against the defendant." It will be seen at once that it decides the very point presented in this case. Instead of placing the burden by explicit words, upon the State, where it belonged, the court used language which was certainly calculated, whether intended or not, to impress the contrary view upon the jury. It could make no difference what the judge intended to charge; we must deal with the charge as it is; for the jury cannot see or understand his unexpressed intention, but only what he said. This error was not cured by anything said afterwards, or by any previous utterance of the judge. On the contrary, it was, if possible, emphasized in one or two instances. What could the jury have understood the learned judge to have meant when he told them that the law presumes a woman is innocent and virtuous until the contrary appears? It could not be expected that the State would make it appear otherwise than that she was innocent, or, in other words, to defend the prisoners. Well, then, who must make this appear? Why, of course, the defendant. The court further charged that the case turned upon the truth of the charge made by defendants, leaving out of consideration the question of the woman's innocence. And again the court charged: "But evidence having been offered in impeachment of the character of the woman, May Liles, the burden is then cast upon the State to prove her to be an innocent woman." What does this mean? That the defendant must first attack the prosecutrix by evidence showing her lascivious nature and guilt of actual sexual intercourse, before the burden of proof shifts to the State. This is not the law, as we understand it to be. The burden is upon the State to show every fact essential to the commission of the crime, and we cannot doubt that the innocence of the woman is one of those facts. Without it, to show that her virtue and chastity have been impeached by a charge of sexual intercourse is not sufficient. It tends to prove no criminal offense, and is proving, we may say, but one-half of the offense, when the State is required to prove the whole of it.

In *S. v. McDaniel, supra, Justice Ruffin* thus clearly explains

the law as to the burden of proof in prosecutions of this kind: "As we construe it, the offense defined consists, not in the slander of a woman by falsely charging her with incontinency, but in the attempt to destroy the reputation of an innocent woman by such means. . . . The innocency, then, of the woman who is the subject of the attempt lies at the very foundation of the offense, and constitutes its most essential element, its very *sine qua non,* and must of necessity be distinctly averred in the indictment. If necessary to be averred, then, under the principle declared in the cases of *S. v. Woodly,* 47 N. C., 276, and *S. v. Evans,* 50 N. C., 250, the burden of proof devolved upon the State, even though it involved the necessity of its proving a negative." The decision in that case was approved in *S. v. Mitchell,* 132 N. C., 1033, and the general rule is fully and ably discussed by *Justice Hoke* in *S. v. Connor,* 142 N. C., 700, where it is held that the burden of showing the innocence of the woman is upon the State. In the most favorable view we can take of the charge for the State upon this appeal, the jury were at least left in doubt and uncertainty as to the burden of proof, whether it rested upon the State or the defendants. The Attorney-General admits in his brief that in this respect the charge was erroneous.

New trial.