### THE STATE *v.* ANDERSON PHELPS.

A count in an indictment must be complete in itself, and contain all the material allegations which constitute the offence charged.   Therefore, a count charging defendant with receiving stolen goods, is defective, which does not contain the name of the defendant in the proper place, and distinctly charge him with receiving the stolen goods.

This defect is not cured by the statute, Rev. Code, chap. 35, sec. 14, and judgment will be arrested.

Indictment for receiving stolen goods tried before *Cloud,* *J.,* at Spring Term, 1871, of Rowan Superior Court.

The indictment contained two counts, one for larceny, the other for receiving stolen goods.   The jury acquitted defendant on the first count, and convicted on the latter, a copy of which is as follows :

" And the jurors aforesaid, upon their oath aforesaid, do further present that on the day and year aforesaid, in the County aforesaid, one box manufactured tobacco, two bottles of whiskey, and five gallons of whiskey, of the value of twenty dollars, of the goods, and chattels of William B. March before then feloniously stolen, taken and carried away feloniously did receive and have, he the said Anderson Phelps, Green Phelps, and David Phelps, then and there well knowing the said goods and chattels to have been feloniously stolen, taken, and carried away, against the form of the statute in such case made, and provided, and against the peace, and dignity of the State."

Motion in arrest of judgment, motion refused.   Judgment and appeal.

*Attorney General,* for the State.
*Bailey,* for defendant.

As to the motion in arrest :
There being an acquittal in the count for larceny, the count

for receiving is alone under consideration, and with regard to that I submit that it is the play of Hamlet with the Prince of Denmark left out. The name of the defendant being omitted from the first part, the count charges a receiving, but it cannot be seen by whom: the latter part in which the prisoner's name occurs, only charges him with a knowledge that certain goods had been theretofore stolen, which has not as yet, been made an indictable offence.

Indictments should be certain to every intent and without any intendment to the contrary, 1 Ch. Cr. Law, 171.

And by reference to Arch. Cr. Pl'd. I find a form of an indictment of larceny and receiving, the jonder of which had been authorized by statute 11 and 12 Vict. Vol. 3 top page 475, and in that form the name of the defendant appears after the words "do say that" and so is the printed form used by the Solicitors which is herewith filed, furnished me by Gen. Cox. In the principal case, the verbs "receive and have" have no noun to govern them, nor are they employed in such connection that the ellipsis may be supplied.

DICK, J. The defendant was convicted only on the second count in the indictment; and it is insisted on a motion in arrest of judgment that said count is so detective, that the Court ought not to pronounce judgment.

It appears upon the face of the indictment, that the name of the defendant is not mentioned in the commencement of the statement of the offence, charging the receiving of the stolen goods; but, is subsequently introduced, that, "He, the said Anderson Phelps, then and there, well knowing the said goods and chattels to have been feloniously stolen," &c.

A count in a bill of indictment, must be complete in itself, and contain all the material allegations which constitute the offence charged.

The general rules of pleading, as to the sufficiency of the indictment, are well stated in 1 Bish. Cr. Pro., sec. 411. "The

indictment must show on its face, that it has been found by competent authority, in accordance with the requirements of law; and that a particular person mentioned therein, has done within the jurisdiction of the indictors, such and such specific acts, at a specific time, which acts, so done, constitute what the Court can see, as a question of law, to be a crime."

The count under consideration, is not in accordance with the precedents, 3 Chit. C. L. 988; and is defective in not containing the name of the defendant in the proper place, and distinctly and positively charging him with receiving the stolen goods, &c.

The defect is not cured by the statute, Rev. Code, ch. 35, sec. 14; as there is an omission of a material averment, constituting the crime charged.

There is error. The judgment is arrested, and this must be certified to the end that the defendant may be discharged.