STATE v. JOSEPH R. DEAL.

*Injuring Stock—The Code, Section* 1003.

1. In an indictment for injuring stock under section 1003 of *The Code,* if the State fails to prove that the injury was inflicted in an enclosure not surrounded by a lawful fence, the defendant must be acquitted.

2. An indictment for such offence must charge that the cattle abused or killed were the property of some one; the abusing or killing must be charged to have been wilfully and unlawfully done, and while the animal was in an enclosure not surrounded by a lawful fence.

3. Where the words of a statute are descriptive of an offence, an indictment under the statute must follow the words of the statute.

(*State* v. *Lisle,* 78 N. C., 496, cited and approved).

This was an INDICTMENT against the defendant, tried at Spring Term, 1885, of BURKE Superior Court, before *Avery, Judge.*

The defendant was charged with injuring, abusing and killing a cow, the property of Dulena Moody, in an enclosure not surrounded by a lawful fence, in violation of section 1003 of *The Code.*

The prosecutrix testified that her cow was shot on the side and shoulder and badly injured on the 6th day of January, 1884; that the cow did not give any milk for a month afterwards, and that she had given two gallons a day previous to that time.

One James Moody, a witness for the State, testified that defendant told him on the evening of January 6th, 1884, that he had shot the prosecutrix's cow in his field because she got in

his wheat. But on cross-examination the witness said, in reply to a question by defendant's counsel, that the defendant did not say where he shot the cow.

Both witnesses testified that the fence around the field referred to by the defendant was not five feet high.

The defendant's counsel, among other instructions asked, requested the Court to charge the jury that they could not find the defendant guilty upon the testimony.

The instruction was refused, and the defendant excepted.

The jury found the defendant guilty, and the Court pronounced judgment against him, from which he appealed.

*Attorney General,* for the State.
*Mr. S. J. Erwin,* for the defendant.

ASHE, J. (after stating the facts). We are of the opinion the instruction asked by the defendant should have been given to the jury, and it was error in the Court to refuse it.

The defendant is indicted under section 1003 of *The Code,* which reads as follows: "If any person shall wilfully and unlawfully kill or abuse any horse, mule, hog, sheep or other cattle, the property of another, in any enclosure not surrounded by a lawful fence, such person shall be guilty of a misdemeanor and fined and imprisoned at the discretion of the Court."

In an indictment under a statute, where the words of the statute are *descriptive of the offence,* the indictment should follow its language and expressly charge the described offence so as to bring it within all the material words of the statute. *State* v. *Liles,* 78 N. C., 469. And "every affirmative allegation of an indictment material to the constitution of the offence, must be made good by the prosecutor"—1 *Whar. Cr. Law,* 592—and if the offence be well laid, but there be a material variance between the offence as laid, and the evidence to support it, the defendant must be acquitted. *Archbold Cr. Plead.,* 170.

In the view we take of the case, it can make no material difference whether the indictment is good or bad. If bad, the judgment should be arrested, and if good, the defendant is entitled to a new trial.

The descriptive elements of the section under which the indictment is preferred, all of which are necessary to constitute the criminal offence intended to be created by the Legislature, are that the cattle abused or killed must be alleged to be the property of some one, the abusing or killing must be charged to be done wilfully and unlawfully, and while the animal is in an enclosure not surrounded by a lawful fence; these are all essential averments in the indictment, and must be proved as laid. If either of them should be omitted in the indictment, it will be bad, and the judgment should be arrested; and if stated, and the proof offered by the State fails to support each and all of them by evidence, the prosecution must fail, and the defendant be entitled to an acquittal.

In this case there was no evidence that the cow was shot in the field of the defendant, which was necessary to establish the guilt of the defendant under the statute. The State failed to establish by proof, one of the essential constituents of the offence, and upon that ground the defendant is entitled to a new trial, conceding that the indictment was not defective.

There was error. Let this be certified to the Superior Court of Burke county, to the end that a *venire de novo* may be awarded the defendant.

Error.                                    Reversed.