### STATE v. H. BALLANGEE.

(Filed 5 May, 1926.)

**1. Criminal Law—Indictment—Offense Charged—Reference to Statute.**

One charged with a criminal offense has the right to be informed by the allegations of the indictment of the specific offense, or the necessary ingredients thereof, and an indictment which does not substantially conform to the statute, and fails in this respect, is insufficient for a conviction though the statute is referred to in the indictment. 3 C. S., 4437(a), 4623.

**2. Arrest of Judgment—Appeal and Error—Orders Ex Mero Motu.**

The Supreme Court on appeal will order an arrest of judgment in a criminal action, *ex mero motu*, when it appears from the record that the defendant is entitled thereto.

APPEAL by defendant from *Shaw, J.,* at August Term, 1925, of CALDWELL.

The defendant was indicted for operating a lottery, and upon the return of a special verdict he was adjudged guilty. From the judgment pronounced he appealed.

*Attorney-General Brummitt and Assistant Atorney-General Nash for the State.*
*W. C. Newland for defendant.*

ADAMS, J.  The indictment charges that the defendant "unlawfully and wilfully did operate a lottery, to wit, a slot machine (chapter 138, Public Laws 1923) against the form of the statute," etc.  The statute provides: "It shall be unlawful for any person, firm or corporation to operate, keep in his possession or in the possession of any other person, firm or corporation, for the purpose of being operated, any slot machine that shall not produce for or give to the person who places coin or money, or the representative of either, the same return in market value each and every time such machine is operated by placing money or coin or the representative of either therein.  Each time said machine is operated as aforesaid shall constitute a separate offense."  3 C. S., 4437(a).

Does the indictment charge a breach of this statute?  An indictment shall be deemed to be sufficient in form if it express the charge against the defendant in a plain, intelligible, and explicit manner; and it will not be held defective by reason of any informality or refinement if the matter appearing therein be sufficient to enable the court to proceed to judgment.  C. S., 4623.  The specific question is whether the purported breach as set out in the bill is "plain, intelligible and explicit." *Chief Justice Ruffin* suggested that an informality can embrace, perhaps, only the mode of stating the fact, but if the fact be one which essentially enters into the offense it must be set forth (*S. v. Moses,* 13 N. C., 452, 464); and *Judge Gaston* observed that a refinement is understood to be the verbiage which is frequently found in indictments setting forth what is not essential to the constitution of the offense, and, therefore, not required to be proved.  *S. v. Gallimore,* 24 N. C., 372.  But in each of these cases it was said in substance that the statute does not supply the omission of a distinct averment of any fact or circumstance which is an essential constituent of the offense charged.  To the same effect is a uniform line of subsequent decisions.  Every crime consists of acts done or omitted, and it is not sufficient to charge a defendant generally with the commission of a particular offense (unless the form of the indictment is prescribed by statute), but all the essential facts and circumstances must be specifically set forth.  *S. v. Hathcock,* 29 N. C., 52; *S. v. Eason,* 70 N. C., 88; *S. v. Woody,* 47 N. C., 335; *S. v. Whedbee,* 152 N. C., 770; *S. v. Carlson,* 171 N. C., 818; *S. v. Carpenter,* 173 N. C., 767.  The breach of a statutory offense must be so laid in the indictment as to bring the case within the description given in the statute and inform the accused of the elements of the offense.  The present indictment contains neither the words nor the substance of

the statute. Merely charging in general terms a breach of the statute and referring to it in the indictment is not sufficient. *S. v. Liles,* 78 N. C., 496; *S. v. Merritt,* 89 N. C., 506; *S. v. McIntosh,* 92 N. C., 794; *S. v. Mooney,* 173 N. C., 798; *S. v. Edwards,* 190 N. C., 322.

No motion in arrest of judgment was made on the trial, but in *S. v. Watkins,* 101 N. C., 703, it is said: "The court cannot properly give judgment unless it appears in the record that an offense is sufficiently charged. It is the duty of this Court to look through and scrutinize the whole record, and if it sees that the judgment should have been arrested it will *ex mero motu* direct it to be done."

As the indictment does not charge a criminal offense the judgment must be arrested.

Judgment arrested.