## STATE v. HARRY BAXTER.

(Filed 10 April, 1935.)

**1. Criminal Law L d—The record as certified to the Supreme Court is controlling.**

The only authority for the holding of the special criminal term of court at which defendant was tried appearing in the record in this case was a carbon copy of a letter from the Governor's office stating that the court had been authorized and that the Governor's order was enclosed. Upon issuance of a writ of *certiorari* from the Supreme Court it appeared that the letter appearing of record was the sole authority for the holding of the court, and that there were no orders or commissions in the court relative to said special term. *Held:* The record as certified to the Supreme Court must be accepted in determining defendant's motion in arrest of judgment.

**2. Criminal Law J a: L e—**

A motion in arrest of judgment for vital defect appearing in the record proper may be made for the first time in the Supreme Court at the hearing of the appeal from the judgment of the Superior Court.

**3. Courts A g: Grand Jury A b—Governor has authority to order special term of Superior Court and to order drawing grand jury therefor.**

The Governor has statutory authority to order a special term of the Superior Court, C. S., 1450, in which case he should appoint a judge to hold such term and issue a commission to the judge appointed, and, if such special term is for trial of criminal cases, only cases pending in the court at the time may be tried, and no grand jury may be drawn, unless the Governor also expressly orders that a grand jury be drawn, C. S., 1454, in which event indictments returned by such grand jury may be tried at such term.

**4. Indictment A b: Criminal Law J a—Motion in arrest of judgment allowed for that record disclosed that grand jury was not ordered to be drawn for special term of court at which defendant was tried.**

The record in this case disclosed that defendant was tried at a special term of criminal court upon an indictment returned by a grand jury drawn for the special term, but that there was no order by the Governor that a grand jury be drawn for such term. *Held:* Defendant's motion in arrest of judgment, made the first time in the Supreme Court upon appeal, must be allowed. Art. I, sec. 12.

**5. Criminal Law L f—**

Where a judgment in a criminal case is arrested for fatal defect appearing on the record, the defendant is not entitled to his discharge, but will be held subject to further action by the Superior Court of the county in which the judgment was rendered.

**6. Criminal Law L e—**

Where defendant's motion in arrest of judgment is allowed in the Supreme Court, exceptions in the record upon which defendant relies for a new trial need not be considered.

APPEAL by the defendant Harry Baxter from *Barnhill, J.,* at August Special Term, 1934, of CHATHAM. Judgment arrested in Supreme Court.

This is a criminal action in which the defendants Harry Baxter and J. B. Willis were tried at a Special Term of the Superior Court of Chatham County, which began on Monday, 6 August, 1934, on an indictment for murder. The indictment was returned by a grand jury, which was chosen, sworn, and impaneled at said special term of said court, and is as follows:

"STATE OF NORTH CAROLINA—CHATHAM COUNTY.

"In the Superior Court, August Term, 1934.

"The jurors for the State upon their oath present that Harry Baxter and J. B. Willis, late of the county of Chatham, on 9 July, in the year of our Lord 1934, with force and arms, at and in the county aforesaid, did unlawfully and wilfully and feloniously, of malice aforethought, kill and murder one H. C. Routh, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

It appears from the records and minutes of the Superior Court of Chatham County that the sole authority for the holding of a special term of the Superior Court of Chatham County, beginning on Monday, 6 August, 1934, is the carbon copy of a letter addressed to the chairman of the board of county commissioners of said county, which is in words and figures as follows:

"July 14th, 1934.

"MR. C. D. MOORE, Chairman,
 Board of County Commissioners,
 Pittsboro, N. C.

"DEAR SIR:—In accordance with the request of your Board, and of members of the County Bar, Governor Ehringhaus has issued his order, which is herewith enclosed, calling a one-week special criminal term of Court for Chatham County, beginning August 6th, 1934, this being in lieu of the regular civil term, which has been called off for the reason that it is not needed.

"Judge Barnhill has been commissioned to hold same. Copy of this letter is being sent to the Clerk of the Superior Court of Chatham County; also to Judge Barnhill.

"Yours very truly,
                "GOVERNOR'S OFFICE,
                "By MAMIE C. TURNER,
                        "Executive Clerk."

Upon their arraignment on the indictment appearing in the record, the defendants Harry Baxter and J. B. Willis, before pleading to said indictment, moved the court, in writing, as follows:

"Now come into court, the defendants above named, and, in apt time, move that the bill of indictment returned at this term of the Superior Court of Chatham County be quashed for that the holding of this special term of said court has not been advertised as by law required."

The court heard the motion, and from all the evidence at the hearing found as a fact that no advertisement of the holding of said term of the court was made by the chairman of the board of county commissioners of Chatham County, as required by statute. C. S., 1452. Notwithstanding this finding of fact, the motion of the defendants was denied, the court being of the opinion that the failure of the chairman of the board of county commissioners to comply with the requirements of the statute did not affect the validity of the special term of the court. The defendants excepted to the denial of their motion.

After their motion to quash the indictment was denied by the court, each of the defendants named in the indictment entered a plea of "Not guilty," and moved the court to continue the trial of the action on the ground that the defendants, who were arrested immediately after the homicide on 9 July, 1934, had been confined in the State's Prison at Raleigh continuously until the convening of the court on 6 August, 1934, and for that reason had been unable to prepare their defense to the indictment. This motion was denied by the court, in its discretion.

The defendants then moved the court to order that jurors for the trial of the action be summoned from an adjoining county, as authorized by

statute, for reasons set out in their motion, which is in writing. C. S., 473. This motion was denied by the court, in its discretion.

The trial then proceeded on defendants' pleas of not guilty, and resulted in a verdict that the defendant Harry Baxter is guilty of murder in the first degree, and that the defendant J. B. Willis is guilty of murder in the second degree.

From judgment that he suffer death by means of electrocution, as prescribed by statute (C. S., 4657), the defendant Harry Baxter appealed to the Supreme Court, assigning errors in the trial as set out in the record.

*Attorney-General Brummitt and Assistant Attorneys-General Seawell and Bruton for the State.*
*Walter D. Siler for defendant.*

CONNOR, J. When this appeal was called for hearing in this Court, counsel for defendant moved that the judgment of the Superior Court in this action be arrested, for that it does not appear from the record certified to this Court that in his order for a special term of the Superior Court of Chatham County, to begin on Monday, 6 August, 1934, the Governor of this State ordered that a grand jury should be drawn at said special term. The defendant contends that the indictment on which he was tried and convicted is void for that said indictment was returned by a grand jury which was drawn, chosen, sworn, and impaneled without lawful authority, and that for this reason the judgment on his conviction of the crime charged in said indictment should be arrested by this Court.

The record certified to this Court in this appeal shows that the sole authority for the holding of the special term at which the indictment was returned, and at which the defendant was tried and convicted, was the letter set out in the record. The record does not contain an order by the Governor for the holding of said special term. We were apprehensive that the order of the Governor, referred to in the letter, had been omitted from the record by an inadvertence, and for that reason caused a writ of *certiorari* to be sent from this Court to the clerk of the Superior Court of Chatham County directing the said clerk to send to this Court certified copies of any orders or commissions from the Governor on file in his office relative to said special term. The return on this writ shows that the letter appearing in the record certified to this Court was the sole authority for the holding of said court, and that at the time the court convened for the purpose of holding a special term, there was no order or commission in the records of said court relative to said special term. For the purposes of defendant's motion for the arrest of

the judgment in this action, we must accept the record as certified to this Court in this appeal.

It does not appear in the statement of the case on appeal that the defendant moved in the Superior Court for the arrest of the judgment on the ground assigned for his motion in this Court. However, it is well settled that a motion for the arrest of a judgment of the Superior Court in a criminal action tried in that court may be made in the Supreme Court at the hearing of an appeal from the judgment of the Superior Court. *S. v. Marsh,* 132 N. C., 1000, 43 S. E., 828. Indeed, in *S. v. Walkins,* 101 N. C., 702, 8 S. E., 346, it is said by *Merrimon, J.:* "It is the duty of this Court to look through and scrutinize the whole record, and if it sees that the judgment should be arrested, it will, *ex mero motu,* direct that it be done." The motion must be based upon matter appearing in the record, or upon an omission from the record of some matter which should appear therein. *S. v. Jenkins,* 164 N. C., 527, 80 S. E., 231.

The power of the Governor to order a special term of the Superior Court for any county in this State, for the trial of criminal or civil actions, is statutory. C. S., 1450. See *S. v. Ketchey,* 70 N. C., 622, in which it was held that the statute authorizing the Governor of this State to order a special term of the Superior Court is valid. When he has ordered such term to be held in any county of this State, it is the duty of the Governor to appoint one of the judges of the Superior Court to hold such term, and to issue to the judge appointed by him a commission authorizing him to hold such court. If a special term is ordered by the Governor for the trial of criminal actions, no grand jury shall be drawn at such term, unless the Governor shall so order. C. S., 1454. Unless a grand jury is ordered for such term, only criminal actions pending in the court at the time the special term convenes may be tried at such term. When, however, the Governor expressly orders a grand jury to be drawn at such term, indictments returned by such grand jury may be tried at such term.

Conceding without deciding that the letter appearing in the record in this appeal is sufficient authority for the holding of a special term of the Superior Court of Chatham County, beginning on Monday, 6 August, 1934, for the trial of criminal actions, we must hold that in the absence of any order of the Governor that a grand jury be drawn at said term, the indictment returned at said time is void, and for that reason the motion of the defendant, first made in this Court, that the judgment in this action be arrested, must be allowed. If we should hold otherwise, the defendant would be deprived of a right guaranteed by the Constitution of this State. Const. of N. C., Art. I, sec. 12.

The defendant will not be discharged from custody, but will be held subject to further action by the Superior Court of Chatham County.

The judgment in this action is arrested; for that reason it is needless to discuss the assignments of error appearing in the case on appeal, on which defendant relies to support his contention that he is entitled to a new trial of this action.

Judgment arrested.