STATE v. J. N. FINCH AND P. W. COOPER.

(Filed 20 November, 1940.)

**Indictment § 10: Criminal Law § 56—**

Where the name of one of defendants does not appear in the indictment, it is fatally defective as to him, notwithstanding that his name appears on the envelope in which his indictment was placed, and that his name was placed on the dockets prepared for the judge, solicitor and the clerk, and that he was fully informed of the charge against him, and his motion in arrest of judgment, made in the Supreme Court upon appeal, will be allowed.

APPEAL by defendant Finch from *Parker, J.,* at September Term, 1940, of WAKE.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*
*W. Brantley Womble for defendant, appellant.*

SCHENCK, J. The defendant Finch, along with one P. W. Cooper, by and with the consent of his counsel, pleaded guilty to the first count in a two-count bill of indictment charging (1) a violation of section 1, chapter 196, Public Laws 1937 (N. C. Code of 1939 [Michie], 4437 [r]), by owning and possessing a certain slot machine for the purpose of operation in a building under his control upon which the operator or user thereof had a chance to make various scores upon the outcome of which wagers might be made, and (2) of keeping and possessing a cer-

tain slot machine upon which the tax levied by the State had not been paid and upon which license was not properly exhibited as required by section 130, chapter 158, Public Laws 1939 (N. C. Code of 1939 [Michie], 7880 [61]). The court pronounced judgment that the defendant Finch be imprisoned for a term of 12 months, and from said judgment the defendant Finch appealed.

An examination of the bill of indictment reveals the fact that the name of the appellant Finch does not appear therein, and of the record that there was no waiver of a bill of indictment by him as provided by C. S., 4610. It is true the envelope in which the indictment was placed contained the name of the appellant, and that his name was placed on the dockets prepared for the judge, the solicitor and the clerk, along with the names of P. W. Cooper and the Vending Machine Company, and that the appellant was fully informed of the charge against him.

The appellant assigns as error the pronouncing of judgment upon him, and in this Court moves in arrest of judgment. We are of the opinion, and so hold, that the motion should be allowed.

"The *indictment* must show on its face that it has been found by competent authority, in accordance with the requirements of law, and that a *particular person mentioned therein* has done within the jurisdiction of the indictors such and such specific acts, at a specific time, which acts so done constitute what the court can see, as a question of law, to be a crime." *S. v. Phelps,* 65 N. C., 450.

". . . where *no name* at all appears in the bill or in the *only* count on which a conviction is had, it is held in this jurisdiction that such a charge is fatally defective, and the judgment must be arrested. *S. v. Anderson Phelps,* 65 N. C., 450. And this course should be taken though the question is presented for the first time in the Supreme Court on appeal. *S. v. Lumber Co.,* 109 N. C., 860; *S. v. Caldwell,* 112 N. C., 854; *S. v. Goings,* 98 N. C., 766." *S. v. McCollum,* 181 N. C., 584.

This will be certified that the judgment pronounced against the appellant Finch be arrested.

Reversed.