STATE v. JAMES M. MILLER AND LAWRENCE HUSTON HOLLAR.

(Filed 3 February, 1950.)

**1. Indictment § 9—**

No indictment, whether at common law or under a statute, can be good if it does not accurately and clearly allege all of the constituent elements of the crime sought to be charged.

**2. Same—**

When a special intent is a constituent element of the crime, it must be alleged in the indictment, and failure to do so is fatal.

**3. Hunting and Fishing § 3—**

An indictment charging that defendants did unlawfully take fish with the use of dynamite and explosives is insufficient to charge the statutory offense of placing explosives in waters of the State for the purpose of taking, killing or injuring fish, and defendants' motion in arrest of judgment is allowed.

**4. Criminal Law § 23—**

Prosecution under a fatally defective indictment will not bar a subsequent prosecution.

APPEAL by defendants from *Sink, J.,* October Term, 1949, ASHE.

Criminal prosecution on bill of indictment purporting to charge a violation of the provisions of G.S. 113-170.

The defendants were tried under a bill of indictment which charges that they "unlawfully, wilfully did take fish with the use of dynamite and explosives . . ." It is agreed that the indictment purports to charge the offense created by and defined in G.S. 113-170 which is as follows:

"It shall be unlawful to place in any of the waters of this state any dynamite . . . or any explosive substance whatsoever . . . for the purpose of taking, killing or injuring fish."

There was a verdict of guilty. Thereupon the defendants moved that judgment be arrested for that the indictment does not charge any criminal offense. The motion was denied and defendants excepted. The court pronounced judgment from which defendants appealed.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*Bowie & Bowie for defendant appellants.*

BARNHILL, J.   The defendants, on their appeal here, rely solely upon their exception to the ruling of the court below denying their motion in arrest of judgment. The motion was well advised and must be sustained.

It is a universal rule that no indictment, whether at common law or under a statute, can be good if it does not accurately and clearly allege all of the constituent elements of the offense sought to be charged. *S. v. Morgan,* 226 N.C. 414, 38 S.E. 2d 166.

"An indictment for an offense created by statute must be framed upon the statute, and this fact must distinctly appear upon the face of the indictment itself; and in order that it shall so appear, the bill must either charge the offense in the language of the act, or specifically set forth the facts constituting the same." *S. v. Jackson,* 218 N.C. 373, 11 S.E. 2d 149, and cases cited.

The bill need not be in the exact language of the statute, but it must contain averments of all the essential elements of the crime created by the act. "The breach of a statutory offense must be so laid in the indictment as to bring the case within the description given in the statute and inform the accused of the elements of the offense." *S. v. Ballangee,* 191 N.C. 700, 132 S.E. 795. "Nothing can be taken by intendment." *S. v. Jackson, supra; S. v. Liles,* 78 N.C. 496.

When a specific intent is a constituent element of the crime, it must be alleged in the indictment. The omission of such allegation is fatal. *S. v. Morgan, supra.*

A comparison of the alleged offense charged in the bill of indictment with the crime created by the act under which it was drawn compels the conclusion that the bill is fatally defective. The offense created by the statute is (1) the placing of dynamite etc. in any of the waters of this State (2) for the purpose of taking, killing, or injuring fish. Neither the act condemned nor the intent specified is alleged. This defect goes to the substance and not to the form of the indictment. *S. v. Cole,* 202 N.C. 592, 163 S.E. 594; G.S. 15-153.

As the bill of indictment under which defendants were tried and convicted is fatally defective, it will not serve to bar further prosecution if the solicitor is so advised. *S. v. Morgan, supra.*

The judgment herein must be arrested. It is so ordered.

Reversed.