## STATE v. BILL GIBBS.

(Filed 10 October, 1951.)

**1. Public Lands § 1—**

The word "reservation" as descriptive of land has the definite and specific meaning of public land reserved for some special use, such as parks, forests, Indian lands, etc.

**2. Hunting and Fishing § 1—**

An indictment charging that defendant entered and hunted upon property leased by a gun club without written permission from the owner or lessee in violation of Chap. 539, Public-Local Laws 1933, does not charge the offense defined by the statute, since the statute refers to hunting and fishing on "reservations" without written permission from the owner, and the indictment is properly quashed upon motion.

**3. Indictment and Warrant § 9—**

An indictment for a statutory offense must contain averments of all essential elements of the crime created by the statute, and merely charging a breach of the statute in general terms and referring to it in the indictment is not sufficient.

**4. Same—**

The statutory directive that an indictment shall not be quashed for informality or refinement does not dispense with the requirement that each essential element of the offense must be charged. G.S. 15-153.

**5. Indictment and Warrant § 17—**

A bill of particulars is for the purpose of providing information not required to be set out in the indictment, and can never supply matter required to be charged as an essential ingredient of the offense. G.S. 15-143.

APPEAL by State of North Carolina from *Bobbitt, J.,* at Regular August Term, 1951, of YANCEY. Affirmed.

Criminal accusation under bill of indictment in the Superior Court of Yancey County charging that the defendant ". . . did enter upon and hunt and trespass on the property leased by Yancey Rod and Gun Club without written permission from the owner or Lessee, in violation of Public-Local Laws, 1933, Chapter 539."

Chapter 539 of the Public-Local Laws of 1933 is entitled "An act to protect hunting and fishing, and timber reservations in Yancey County," and provides:

"Section 1. That it shall be unlawful for any person to enter upon any hunting and fishing or timber reservations in Yancey County, without a written permission from the owner, and any person violating the provisions of this act shall be guilty of a misdemeanor and shall be fined

not less than twenty-five dollars, nor more than one hundred dollars, or imprisoned in the discretion of the court."

Upon the call of the case and before plea, the defendant moved the court to quash the bill of indictment for that it does not allege facts sufficient to constitute a violation of Chapter 539, Public-Local Laws of 1933, and for that the act is unconstitutional.

The court was of the opinion that the bill of indictment does not allege facts sufficient to constitute a criminal offense under Chapter 539 of the Public-Local Laws of 1933, and for that reason, and on that ground alone, allowed the defendant's motion to quash the bill, and judgment was entered accordingly, from which the State appealed.

*Attorney-General McMullan, Assistant Attorney-General Moody, and Charles G. Powell, Jr., Member of Staff, for the State, appellant.*
*W. E. Anglin and Garrett D. Bailey for defendant, appellee.*

JOHNSON, J. The purpose of Chapter 539 of Public-Local Laws of 1933, as shown by its title, is to protect hunting and fishing and timber reservations in Yancey County, and the Act provides: "that it shall be unlawful for any person to enter upon any hunting and fishing or timber reservation in Yancey County, without a written permission from the owner . . ."

The properties protected by the Act are "reservations." The word reservation as applied to a description of land has a definite, specific meaning. It is defined in *Webster* as "a tract of public land reserved for some special use, as for schools, for forests, for the use of the Indians, etc." According to Black's Law Dictionary, 2d Ed., p. 1026, "In public land laws of the United States, a reservation is a tract of land, more or less considerable in extent, which is by public authority withdrawn from sale or settlement, and appropriated to specific public uses; such as parks, military posts, Indian lands, etc."

The essential elements of the crime created by the Public-Local Act under which the bill of indictment was drawn are (1) entry (2) upon a hunting and fishing or timber reservation in Yancey County (3) without a written permission from the owner.

The bill of indictment does not charge that the defendant entered upon any hunting and fishing or timber reservation. This omission renders the bill fatally defective. *S. v. Miller,* 231 N.C. 419, 57 S.E. 2d 392; *S. v. Morgan,* 226 N.C. 414, 38 S.E. 2d 166; *S. v. Jackson,* 218 N.C. 373, 11 S.E. 2d 149; *S. v. Ballangee,* 191 N.C. 700, 132 S.E. 795.

Decision here would seem to be controlled by the rule stated in *S. v. Morgan, supra* (226 N.C. 414, p. 415): "It is a universal rule that no indictment, whether at common law or under a statute, can be good if it

does not accurately and clearly allege all the constituent elements of the offense charged."

Also in point is the following observation of *Adams, J.,* in *S. v. Ballangee, supra* (191 N.C. 700, pp. 701 and 702) : "The breach of a statutory offense must be so laid in the indictment as to bring the case within the description given in the statute and inform the accused of the elements of the offense. . . . Merely charging in general terms a breach of the statute and referring to it in the indictment is not sufficient."

"The bill need not be in the exact language of the statute, but it must contain averments of all the essential elements of the crime created by the act." *S. v. Miller, supra* (231 N.C. 419, p. 420).

In *S. v. Jackson, supra* (218 N.C. 373), *Justice Barnhill* succinctly states the formula this way : "An indictment for an offense created by statute must be framed upon the statute, and this fact must distinctly appear upon the face of the indictment itself; and in order that it shall so appear, the bill must either charge the offense in the language of the act, or specifically set forth the facts constituting the same. . . . 'Where the words of a statute are descriptive of the offense, an indictment should follow the language and expressly charge the described offense on the defendant so as to bring it within all the material words of the statute. Nothing can be taken by intendment. . . .' "

In the light of the foregoing authorities, it is manifest that the court below properly quashed the bill of indictment. The decisions cited by the State seem to be distinguishable.

We have not overlooked G.S. 15-153, which provides that an indictment shall not be quashed by reason of a mere "informality or refinement." This statute, however, does not dispense with the requirement that the essential elements of an offense must be charged, and many decisions of this Court have so held. See *S. v. Tarlton,* 208 N.C. 734, 182 S.E. 481, and cases cited; *S. v. Cole,* 202 N.C. 592, 163 S.E. 594, and cases cited and analyzed.

Nor have we overlooked G.S. 15-143, which provides that a bill of particulars may be ordered in the discretion of the court. The function of a bill of particulars under the statute is to provide "further information not required to be set out" in the bill of indictment, but never to supply matter required to be charged as an essential ingredient of the offense. *S. v. Cole, supra; S. v. Wilson,* 218 N.C. 769, 12 S.E. 2d 654.

For the reasons given, the judgment below is

Affirmed.