STATE v. ALTON (BUCK) RAYNOR.

(Filed 27 February, 1952.)

**1. Disorderly Conduct § 2: Criminal Law § 56—**

A warrant charging that defendant "unlawfully and wilfully did appear drunk on public highway" is substantially the language of G.S. 14-335 and is sufficient to repel a motion in arrest of judgment.

**2. Criminal Law § 78c—**

The rule that an exception to the judgment does not bring up for review the evidence upon which the findings are based applies to criminal cases, and where the verdict of the jury establishes facts sufficient to support the judgment, the verdict is the finding of fact, and exception to the judgment cannot be sustained.

**3. Indictment and Warrant § 9—**

An indictment or warrant for a statutory offense must charge the offense in the language of the statute or specifically set forth the acts constituting same, and nothing can be taken by intendment.

**4. Arrest and Bail § 3: Criminal Law § 56—**

A warrant charging that defendant "did resist arrest" neither charges the offense in the language of G.S. 14-223 nor specifically sets forth the acts constituting the offense created by the statute, and defendant's motion in the Supreme Court in arrest of judgment is allowed.

APPEAL by defendant from *Frizzelle, J.,* January Term, 1952, WASHINGTON.

Criminal prosecution upon a warrant, heard on appeal from the county court.

The warrant charges that defendant "unlawfully and wilfully did appear drunk on public highway . . . and did resist arrest . . ." As the only exceptive assignment of error appearing in the record is bottomed on the exception to the judgment, we need not summarize the evidence.

The jury returned a verdict of guilty on both counts. The court pronounced judgment on each count, and the defendant excepted and appealed. In this Court defendant moves in arrest of judgment.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and Robert B. Broughton, Member of Staff, for the State.*

*Bailey & Bailey for defendant appellant.*

BARNHILL, J. In the first count in the warrant, defendant is charged with the commission of the offense condemned by G.S. 14-335, a public-local statute applying to Washington and certain other counties. The charge is laid substantially in the language of the statute and is sufficient to repel a motion in arrest of judgment. *S. v. Jackson,* 218 N.C. 373, 11 S.E. 2d 149, 131 A.L.R. 143.

Exception to the judgment presents the single question whether the facts found and admitted are sufficient to support the judgment. It is insufficient to bring up for review the evidence upon which the findings are based. *Rader v. Coach Co.,* 225 N.C. 537, 35 S.E. 2d 609; *Simmons v. Lee,* 230 N.C. 216, 53 S.E. 2d 79; *Rice v. Trust Co.,* 232 N.C. 222, 59 S.E. 2d 803; *Smith v. Furniture Co.,* 232 N.C. 412, 61 S.E. 2d 96; *Hoover v. Crotts,* 232 N.C. 617, 61 S.E. 2d 705; *Surety Corp. v. Sharpe,* 233 N.C. 642, 65 S.E. 2d 138. While this rule is usually invoked in civil cases, it applies also to appeals in criminal prosecutions.

The verdict of the jury is the finding of fact in this cause. That finding supports the judgment on the first count. Hence, as to the first count, no error is made to appear.

On the second count the motion in arrest of judgment presents a different question. It challenges the sufficiency of the charge of resisting arrest laid under G.S. 14-223.

"An indictment for an offense created by statute must be framed upon the statute, and this fact must distinctly appear upon the face of the indictment itself; and in order that it shall so appear, the bill must either charge the offense in the language of the act, or specifically set forth the facts constituting same. (citing cases) 'Where the words of a statute are descriptive of the offense, an indictment should follow the language and expressly charge the described offense on the defendant so as to bring it within all the material words of the statute. Nothing can be taken by

intendment. Whart. Criminal Law, sec. 364; Bishop on Stat. Crime, sec. 425;' *S. v. Liles,* 78 N.C. 496." *S. v. Jackson, supra; S. v. Miller,* 231 N.C. 419, 57 S.E. 2d 392.

The charge that defendant "did resist arrest" neither charges the offense in the language of the Act, G.S. 14-223, nor specifically sets forth the facts constituting the offense created by the Act. It is wholly insufficient to support the verdict and judgment rendered. As to this count, the motion in arrest of judgment must be allowed.

On the first count: No error.

On the second count: Judgment arrested.