### STATE v. ALFORD LINDOR SCOTT.

(Filed 24 November, 1954.)

**1. Indictment § 9—**

The allegations in a bill of indictment must particularize the crime charged and be sufficiently explicit to protect the defendant against a subsequent prosecution for the same offense.

**2. Indictment § 13—**

While a motion to quash is the more appropriate method of raising the question whether the bill of indictment charges the commission of any criminal offense, motion in arrest of judgment may be used to the same end.

**3. Arrest § 3—**

An indictment charging that defendant did unlawfully "resist, delay and obstruct a public officer in discharge and attempting to discharge the duty of his office . . ." is insufficient to charge the offense of resisting arrest. G.S. 14-223.

APPEAL by defendant from *Stevens, J.,* June Term 1954, WAKE. Reversed.

Criminal prosecution under two bills of indictment in which it is charged that defendant did unlawfully (1) "operate an automobile upon the public highways of Wake County while then and there being under the influence of intoxicating liquors . . ." and (2) "resist, delay and obstruct a public officer in discharge and attempting to discharge the duty of his office . . ."

In the court below the jury returned a verdict of not guilty under the first bill of indictment and a verdict of guilty under the second bill charging resisting an officer in violation of G.S. 14-223. Defendant in apt time demurred to the evidence under G.S. 15-173. After verdict he moved in arrest of judgment, which motion was denied. The court pronounced judgment, and defendant excepted and appealed.

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

*Pittman & Staton and Edwin B. Hatch, Jr., for defendant appellant.*

BARNHILL, C. J. The bill of indictment fails to meet the test set forth in *S. v. Sumner,* 232 N.C. 386, 61 S.E. 2d 84, and other decisions of like

import. The allegations in a bill of indictment must particularize the crime charged and be sufficiently explicit to protect the defendant against a subsequent prosecution for the same offense. This the bill of indictment appearing in this record fails to do. *S. v. Morgan,* 226 N.C. 414, 38 S.E. 2d 166; *S. v. Cochran,* 230 N.C. 523, 53 S.E. 2d 663.

While a motion to quash is the most appropriate method of raising the question whether the bill of indictment charges the commission of any criminal offense, motion in arrest of judgment may be used to the same end. *S. v. Cochran, supra.*

*S. v. Raynor,* 235 N.C. 184, 69 S.E. 2d 155, and *S. v. Thorne,* 238 N.C. 392, 78 S.E. 2d 140, are directly in point. What is said in the opinions in those cases is controlling here.

The defendant is entitled to his discharge. To that end the judgment entered in the court below is arrested.

Reversed.