STATE v. JOHNNY COX.

(Filed 2 May, 1956.)

**1. Indictment and Warrant § 9—**

   An indictment must charge the offense with sufficient certainty to apprise defendant of the specific accusation against him and to protect him from a subsequent prosecution for the same crime.

**2. Prostitution § 5a—**

   A warrant charging that defendant "did unlawfully and wilfully aid and abet in prostitution and assignation contrary to the form of the statute," without stating wherein defendant aided and abetted, is insufficient, and defendant's motion in arrest of judgment is allowed in the Supreme Court. *S. v. Johnson,* 220 N.C. 773, overruled on this point.

**3. Indictment and Warrant § 9—**

   While ordinarily a warrant or indictment for a statutory offense is sufficient if it follows the language of the statute, where the words of the statute do not in themselves inform the accused of the specific offense of which he is charged so as to enable him to prepare his defense or plead his conviction or acquittal as a bar to further prosecution for the same offense, the words of the statute must be supplemented by other allegations so as to charge the particular offense.

**4. Same: Indictment and Warrant § 17—**

   A bill of particulars may not be used to supply a fatal deficiency in a warrant or indictment.  G.S. 15-143.

**5. Criminal Law § 56—**

   The arrest of judgment vacates the verdict and sentence, but does not preclude the State from thereafter proceeding upon valid process.

JOHNSON, J., took no part in the consideration or decision of this case.

PARKER, J., dissenting.

APPEAL by defendant from *Pless, J.,* at January 1956 Special Criminal Term, of WAKE.

Criminal prosecution upon a warrant issued out of the City Court of Raleigh, N. C., charging "that on or about the 10th day of October, 1955, in the City of Raleigh, and in Raleigh Township, Wake County, Johnnie B. Cox did unlawfully and wilfully aid and abet in prostitu-

tion and assignation contrary to the form of the statute and against the peace and dignity of the State."

In the City Court of Raleigh, "after hearing the evidence in the above entitled action, it is adjudged that the defendant is guilty. It is further ordered and adjudged that the defendant serve two years on road. Notice of appeal. Bond $500.00 . . . ."

"And thereafter on 28 October, 1955, the warrant was received, filed and docketed in the Superior Court of Wake County for trial."

Thereafter, on Monday, 23 January, 1956, the action came on for trial. Defendant pleaded not guilty.

Verdict: Guilty as charged.

Judgment: That defendant be confined in common jail of Wake County for a period of two years, assigned to work the roads under the supervision of the State Highway & Public Works Commission.

Defendant excepted to the judgment, and appeals to Supreme Court and assigns error.

*Attorney General Rodman; Assistant Attorney General Love for the State.*

*Taylor & Mitchell for defendant appellant.*

WINBORNE, J. Defendant moved in the court below and again in this Court for arrest of judgment for that the warrant upon which he was tried, convicted and sentenced fails to particularize the crime charged, and is not sufficiently explicit to protect him against subsequent prosecutions for the same offense. The case of *S. v. Scott*, 241 N.C. 178, 84 S.E. 2d, 654, is cited for the "standard and test."

In the *Scott case* it is declared by *Barnhill, C. J.*, for the Court, that "the allegations in a bill of indictment must particularize the crime charged and be sufficiently explicit to protect the defendant against a subsequent prosecution for the same offense."

Indeed, "The authorities are in unison," as expressed by *Parker, J.,* in *S. v. Greer*, 238 N.C. 325, 77 S.E. 2d, 917, "that an indictment, whether at common law or under a statute, to be good must allege lucidly and accurately all the essential elements of the offense endeavored to be charged. The purpose of such constitutional provision is (1) such certainty in the statement of the accusation as will identify the offense with which the accused is sought to be charged; (2) to protect the accused from being twice put in jeopardy for the same offense; (3) to enable the accused to prepare for trial; and (4) to enable the court, on conviction or plea of *nolo contendere* or guilty to pronounce sentence according to the rights of the case, citing *S. v. Cole*, 202 N.C. 592, 163 S.E. 594; *S. v. Gregory*, 223 N.C. 415, 27 S.E.

2d, 140; *S. v. Morgan,* 226 N.C. 414, 38 S.E. 2d, 166; *S. v. Miller,* 231 N.C. 419, 57 S.E. 2d 392; *S. v. Gibbs,* 234 N.C. 259, 66 S.E. 2d 883."

To like effect are decisions of this Court in cases both before and since the above summation of the principle. Among these are: *S. v. Ballangee,* 191 N.C. 700, 132 S.E. 795; *S. v. Raynor,* 235 N.C. 184, 69 S.E. 2d, 155; *S. v. Thorne,* 238 N.C. 392, 78 S.E. 2d, 140; *S. v. Strickland,* 243 N.C. 100, 89 S.E. 2d 781; *S. v. Burton,* 243 N.C. 277, 90 S.E. 2d 390.

In the light of these decisions, an accused has the right to be informed of the specific accusation against him, and to be tried accordingly. Hence the motion in arrest of judgment here presented is meritorious, and should be allowed for that the warrant is fatally defective.

The warrant here merely charges that defendant did "aid and abet in prostitution and assignation." It fails to state wherein defendant aided and abetted. Without a description of the acts constituting the aiding and abetting, the warrant is defective.

Now, looking to the situation in hand: It is to be noted that the Legislature, in the "Act for the Repression of Prostitution," P.L. 1919, Chapter 215, now G.S. 14-204, has set forth in six paragraphs definitions in minute detail of numerous substantive offenses, in the main—specific acts pertaining to aiding and abetting prostitution or assignation. And then the Legislature set forth the all-inclusive section which reads: "7. To engage in prostitution or assignation, or to aid or abet prostitution or assignation by any means whatsoever." It is specially noted that this section does not merely say "to aid or abet prostitution or assignation," as charged in the warrant, but there are added the descriptive words "by any means whatsoever," thereby covering a multitude of acts. Thus, it is manifest that the Legislature intended that these supplemental words should be given a meaning, and catch all other acts of aiding and abetting prostitution or assignation.

Therefore in order to determine whether any offense be committed, it is essential that for the words of the statute "by any means whatsoever" to be given force and effect, there must be stated in the warrant the acts and circumstances of the particular charge, so that the court can see as a matter of law that a crime is charged, *S. v. Phelps,* 65 N.C. 450; *S. v. Finch,* 218 N.C. 511, 11 S.E. 2d 547, and the defendant be apprised of the particular offense charged against him.

Moreover, while it is a general rule prevailing in this State that an indictment for a statutory offense is sufficient if the offense be charged in the words of the statute, *S. v. Jackson,* 218 N.C. 373, 11 S.E. 2d 149, the rule is inapplicable where the words of the statute do not in themselves inform the accused of the specific offense of which he is accused

so as to enable him to prepare his defense or plead his conviction or acquittal as a bar to further prosecution for the same offense, as where the statute characterizes the offense in mere general or generic terms, or does not sufficiently define the crime or set forth all its essential elements. In such situation the statutory words must be supplemented by other allegations which so plainly, intelligibly and explicitly set forth every essential element of the offense as to leave no doubt in the mind of the accused and the court as to the offense intended to be charged. See among others *S. v. Watkins,* 101 N.C. 702, 8 S.E. 346; *S. v. Whedbee,* 152 N.C. 770, 67 S.E. 60; *S. v. Ballangee, supra; S. v. Cole, supra; S. v. Gibbs, supra; S. v. Greer, supra; S. v. Eason,* 242 N.C. 59, 86 S.E. 2d 774.

Furthermore, defect in a warrant or bill of indictment is not cured by the statute which enables the defendant to call for a bill of particulars, G.S. 15-143. This section applies only when further information not required to be set out in the indictment is desired. The "particulars" authorized are not a part of the indictment. Request for bill of particulars is addressed to the discretion of the court. Such a bill therefore does not supply any matter which the indictment must contain. *S. v. Long,* 143 N.C. 670, 57 S.E. 349; *S. v. Deal,* 92 N.C. 802; *S. v. Cole, supra; S. v. Wilson,* 218 N.C. 769, 12 S.E. 2d 654; *S. v. Greer, supra.*

Now, let it be understood that this Court is not unmindful of the fact that the decision here is contrary to the majority view in the case of *S. v. Johnson,* 220 N.C. 773, 18 S.E. 2d 358. Hence to the extent that the *Johnson case* is in conflict with the decision now reached by the Court, the *Johnson case* is overruled.

Since the judgment in this case is arrested, it is needless to discuss the assignments of error appearing in the case on appeal, on which defendant relies to support his contention that he is entitled to a nonsuit, or to a new trial. *S. v. Baxter,* 208 N.C. 90, 179 S.E. 450.

"The legal effect of arresting the judgment is to vacate the verdict and sentence of imprisonment below, and the State, if it is so advised, may proceed against the defendant, upon a sufficient bill of indictment." *S. v. Strickland, supra;* also *S. v. Lucas, ante,* 53; *S. v. Baucom, post,* 61.

Judgment arrested.

JOHNSON, J., took no part in the consideration or decision of this case.

PARKER, J., dissenting: The majority opinion overrules *S. v. Johnson,* 220 N.C. 773, 18 S.E. 2d 358, on this point: "The warrant was drawn in the language of the statute, and is sufficient in law." That statement of law, though declared by a divided Court, has been accepted

by the Bench and Bar for 15 years. Doubtless, a number of defendants have been convicted on warrants and bills of indictment similar to the warrant in the *Johnson case,* and sentenced. After such acceptance of that statement of the law for 15 years, I do not agree that it should now be overruled on that point.