## STATE v. ROBERT E. BAUCOM.

(Filed 2 May, 1956.)

**1. Criminal Law §§ 12f, 56—**

A statute provided that the recorder's court of the county should have exclusive original jurisdiction of misdemeanors, with provision that in any instance in which prosecution was not begun in the recorder's court within six months, the Superior Court might proceed to try such misdemeanor. Chapter 860, Public Laws of 1907, as amended. *Held:* Upon an indictment disclosing on its face that it was issued less than six months from the date the misdemeanor charged was committed, defendant's motion in arrest of judgment must be allowed. G.S. 7-64 restoring to Superior Courts concurrent jurisdiction is not applicable to the county.

**2. Criminal Law § 56—**

Arrest of judgment for want of jurisdiction in the Superior Court vacates the verdict and judgment, but does not preclude the State from thereafter proceeding against defendant in the tribunal having jurisdiction of the offense.

JOHNSON, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Phillips, J.,* at 31 October, 1955 Term, of UNION.

Criminal prosecution upon a bill of indictment returned charging that Robert E. Baucom on............day of April, 1955 "did unlawfully and willfully operate a motor vehicle on the public highways while he was under the influence of intoxicating liquors, this being the second or subsequent offense and violation of driving a motor vehicle upon the public highways while he was under the influence of intoxicating liquors . . ." G.S. 20-138.

The record and case on appeal disclose that: Upon the call of the case for trial and prior to trial on 1 November, 1955, the defendant moved to quash the indictment upon the grounds "that jeopardy had already attached to this defendant through proceedings pending in the Recorder's Court of Union County, which proceedings were commenced prior to the indictment upon which this action was founded, or, in the

alternative, to abate this action upon the ground that the Recorder's Court of Union County had exclusive jurisdiction of the alleged offense, and in support thereof introduced defendant's Exhibit 1, reading as follows:

'State of North Carolina      In Recorders Court
Union County      of Union County

State of North Carolina
      v.          Special Verdict
Robert E. Baucom

This cause coming on to be heard before Honorable Byron E. Williams, Judge of the Union County Recorders Court, on the 8th day of August, 1955, the following proceedings were had: The defendant was called before the court by the Solicitor and was read the charges contained in a warrant executed by A. A. Mauney, Justice of the Peace, dated April 19, 1955, and was thereafter asked as to his plea; the defendant thereupon entered a plea of Not Guilty and witnesses for the State were called before the court and sworn. Mr. Mauney, who likewise holds the position of Asst. Chief of Police, was requested to take the witness stand; at this point counsel for the defendant moved the court that the charges against the defendant be dismissed on the grounds that the warrant was defective in that the charge against the defendant had been altered and changed after its execution without motion having been made and after the arraignment of the defendant in violation of Chapter 15, Section 20 of the General Statutes of North Carolina; at this point the Solicitor moved the court to amend the warrant by inserting the name of the defendant, Robert E. Baucom, in the affidavit of the warrant and also in the order of arrest contained in the warrant; the defendant, through counsel, objected, but the court allowed this motion; the defendant excepted to this ruling.

" 'After hearing the arguments of both parties, the court ruled that the warrant was defective; whereupon the Solicitor entered a motion that he be allowed to take a Nolle Pros in the matter and have a new warrant executed. The motion was denied and the Solicitor gave notice of appeal. The warrant in question is attached and made a part hereof.

/s/ Byron E. Williams
Judge, Union County Recorders Court.'

"And, in further support, introduced Defendant's Exhibit 2, a document reading as follows:

'State of North Carolina,

Union County                                  Recorder's Court

against                            ,        of Union County

Robert E. Baucom                            Before the Recorder

'L. L. Helms, being duly sworn, complains and says that on or about the 10th day of April, A.D. 1955, Robert E. Baucom with force and arms, in the County and State aforesaid, unlawfully and willfully did operate a motor vehicle upon the public streets in the City of Monroe, N. C., while under the influence of liquor or other intoxicating beverages, this being a second offense, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State.   /s/   L. L. Helms.

Subscribed and sworn to before me this 10th day of April, 1955.

/s/   A. A. Mauney, J. P.

Clerk to Recorder's Court

'THE STATE OF NORTH CAROLINA, UNION COUNTY

To Sheriff, Chief of Police of Monroe, Constable, or other Lawful Officer—Greeting: For the causes stated in the above affidavit, you are commanded forthwith to apprehend the said Robert E. Baucom and have him before the Recorder at his office in the court house in Monroe, on the 18 day of April, 1955, at 9:30 A. M., then and there to answer the charge and be dealt with according to law.

'Given under my hand and seal this 10th day of April, 1955.

/s/   A. A. Mauney, J. P.

Clerk to Recorder's Court.' "

Also attached is a bond dated 10 April, 1955, signed by Robert E. Baucom and another, for his appearance at the time and place designated for the return of the warrant, etc.

The case came on for trial in Superior Court of Union County, at October Term, 1955. The court overruled the motion of defendant and, to this action of overruling his motion, defendant objected and excepted, and this is Exception No. 3.

Both plaintiff and defendant offered evidence, and the case was submitted to the jury. The jury returned verdict of guilty as charged.

Thereupon the court pronounced judgment that defendant be confined "in common jail and assigned to work upon the roads under the supervision and direction of the State Highway and Public Works Commission for a period of six months and pay a fine of $300. It is respectfully requested by the court that the operator's or chauffeur's

license of the defendant be permanently revoked by the Department of Motor Vehicles."

Upon pronouncement of judgment defendant excepted, appeals to Supreme Court and assigns error.

*Attorney-General Rodman, Assistant Attorney-General Bruton, and Harvey W. Marcus, Staff Attorney, for the State.*

*Charles B. Caudle and William B. Webb for defendant, appellant.*

WINBORNE, J. This criminal prosecution in the Superior Court is upon a bill of indictment, and not upon the warrant. Therefore, this is the basic question for decision on this appeal. It appearing upon the face of the record of the bill of indictment that the offense for which defendant stands indicted was committed on a date less than six months prior to the date the bill of indictment was returned by the grand jury a true bill, did the Superior Court of Union County have jurisdiction to take cognizance of the offense? In the light of the jurisdiction then vested in the Recorder's Court of Union County, the question merits a negative answer. For it appears that at the time the bill of indictment was returned a true bill the Recorder's Court of Union County had exclusive original jurisdiction of the offense charged under G.S. 20-138 designated a misdemeanor by G.S. 20-176.

In this connection, it is provided in subsection 5 of Section 4 of Chapter 860 Public Laws 1907, that the jurisdiction of the court created thereby, the Recorder's Court of the City of Monroe, later changed to the name of Recorder's Court of Union County, Chapter 240 of 1943 Session Laws of North Carolina, that in addition to the jurisdiction conferred in subsections (1), (2), (3) and (4) of this Section, said court "shall have exclusive original jurisdiction to hear and determine all other criminal offenses committed within the County of Union, below the grade of a felony as now defined by law, and all such offenses committed within the County of Union are hereby declared to be petty misdemeanors."

And it is further provided in subsection 6 of Section 4 of Chapter 860 P.L. 1907 "that in all criminal offenses whereof said court has been given jurisdiction in this Act wherein no prosecution has been commenced within six months from the commission thereof, the Superior Court of said County may proceed to try the same as though this court did not exist."

Moreover, it is noted here that the statute G.S. 7-64 restoring to Superior Courts concurrent jurisdiction of criminal actions in which by statute original jurisdiction has been taken from the Superior Court

and vested exclusively in inferior courts does not apply to Union County.

Defendant also moves in this Court to dismiss the action upon the ground that the Superior Court of Union County did not have jurisdiction over the subject matter of the prosecution for reasons as above set forth. The motion is well taken. Hence the judgment will be arrested.

And since the Superior Court is without jurisdiction over the offense charged in the bill of indictment on which the case is prosecuted, the legal effect of arresting the judgment is to vacate the verdict and judgment, and to dismiss the action in Superior Court upon the bill of indictment. However, the State may proceed against defendant, if it so desires, *S. v. Strickland,* 243 N.C. 100, 89 S.E. 2d 781, in the Recorder's Court of Union County upon the original warrant or upon the original warrant as it has been or may be amended.

Judgment arrested.

JOHNSON, J., took no part in the consideration or decision of this case.