### STATE v. JAMES R. WALKER, JR.

(Filed 8 October, 1958.)

**1. Indictment and Warrant § 9—**

An indictment must charge each element of the offense of which defendant is accused with such certainty as to identify the offense and protect the accused from being twice put in jeopardy for the same offense, enable the accused to prepare for trial, and enable the court to proceed to judgment.

**2. Same—**

While an indictment for a statutory offense is ordinarily sufficient if it follows the language of the statute, if the statute characterizes the offense in mere general or generic terms or does not sufficiently define the crime or set forth all its essential elements, the language of the statute must be supplemented by other allegations so as to set forth intelligently and explicitly every essential element of the offense.

**3. Indictment and Warrant § 14: Criminal Law § 121—**

Insufficiency of an indictment to charge the commission of any criminal offense is properly presented by motion to quash, but may also be raised by motion in arrest of judgment, or the Supreme Court may take cognizance of such defect *ex mero motu.*

**4. Elections § 12—**

An indictment charging that defendant unlawfully and willfully by his own boisterous and violent conduct disturbed a named registrar while in the performance of her duties in examining a named applicant for registration, is insufficient, it being necessary that the language of the statute, G.S. 163-196, be supplemented by averments particularizing the crime with sufficient certainty to protect the accused from subsequent prosecutions for the same offense.

PARKER, J., not sitting.

APPEAL by defendant from *Morris, J.,* at March-April 1958 Term of NORTHAMPTON.

Criminal prosecution upon a bill of indictment charging "that James Robert Walker, Jr., late of the County of Northampton, on the 12th day of May in the year of our Lord, One thousand nine hundred and fifty-six, with force and arms, at and in the County aforesaid, did unlawfully and willfully by his own boisterous and violent conduct disturb one Helen H. Taylor, a duly qualified, appointed and acting registrar for the May 1956 Democratic Primary for the voters of Seaboard Township in Northampton County while in the performance of her duties as such registrar, to wit: While examining one Mark Johnson, an applicant for registration against the form of the statute in such case made and provided and against the peace and dignity of the State."

The record discloses that prior to pleading to the bill of indictment, defendant made motion to quash the bill. The motion was overruled, and defendant excepted. This is Exception 1 in statement of case on appeal.

Upon motion of defendant the court ordered the Solicitor for the State to file a bill of particulars. This was done.

The case was submitted to the jury upon evidence offered by the State— the defendant resting his case without offering evidence. Motion of defendant for judgment as of nonsuit was denied. Exception.

The jury returned a verdict of guilty as charged. Defendant then moved in arrest of judgment, and for a new trial by reason of errors allegedly committed by the court during the progress of the trial. The motion was denied. Exception. And from judgment then pronounced, a jail sentence of four months, suspended upon certain conditions, defendant appeals to the Supreme Court and assigns error.

*Attorney General Malcolm B. Seawell, Assistant Attorney General Ralph Moody, for the State.*

*Taylor & Mitchell, and R. O. Murphy for defendant, appellant.*

WINBORNE, C. J. The bill of indictment under which defendant stands convicted is founded upon the statute G.S. 163-196, which provides that "Any person who shall, in connection with any primary or election in this State, do any of the acts and things declared in this section to be unlawful, shall be guilty of a misdemeanor, and upon conviction shall be fined or imprisoned, or both, in the discretion of the court." And the statute further provides that "It shall be unlawful" * * * "(4) for any person to be guilty of any boisterous conduct so as to disturb any member of any election or any registrar or judge of elections in the performance of his duties as imposed by law."

In the light of the provisions of the statute, G.S. 163-196, this Court is constrained to hold that the bill of indictment here involved fails to particularize the crime charged, and is not sufficiently explicit to protect the accused against subsequent prosecutions for the same offense. *S. v. Scott,* 241 N.C. 178, 84 S.E. 2d, 654.

In the *Scott* case it is declared by the Court that "the allegations in a bill of indictment must particularize the crime charged and be sufficiently explicit to protect the defendant against a subsequent prosecution for the same offense."

Indeed it is stated in *S. v. Greer,* 238 N.C. 325, 77 S.E. 2d 917, that "the authorities are in unison that an indictment, whether at common law or under a statute, to be good, must allege lucidly and accurately all the essential elements of the offense endeavored to be charged. The purpose of such constitutional provision is (1) such certainty in the statement of the accusation as will identify the offense with which the accused is sought to be charged; (2) to protect the accused from being twice put in jeopardy for the same offense; (3) to enable the accused to prepare for trial; and (4) to enable the court, on conviction or plea of *nolo contendere* or guilty, to pronounce the sentence according to the rights of the case," citing *S. v. Cole,* 202 N.C. 592, 163 S.E. 594; *S. v. Gregory,* 223 N.C. 415, 27 S.E. 2d 140; *S. v. Morgan,* 226 N.C. 414, 38 S.E. 2d 166; *S. v. Miller,* 231 N.C. 419, 57 S.E. 2d 392; *S. v. Gibbs,* 234 N.C. 259, 66 S.E. 2d 883.

To like effect are decisions of this Court in cases both before and since the above summation of the principle. Among these are: *S. v. Raynor,* 235 N.C. 184, 69 S.E. 2d 155; *S. v. Thorne,* 238 N.C. 392, 78 S.E. 2d 140; *S. v. Strickland,* 243 N.C. 100, 89 S.E. 2d 781; *S. v. Burton,* 243 N.C. 277, 90 S.E. 2d 390.

And while it is a general rule prevailing in this State that an indictment for a statutory offense is sufficient if the offense be charged in the words of the statute, *S. v. Jackson,* 218 N.C. 373, 11 S.E. 2d 149, the rule is inapplicable where as here the words do not in themselves inform the accused of the specific offense of which he is accused, so as to enable him to prepare his defense or plead his conviction or acquittal as a bar to further prosecution for the same offense, as where the statute characterizes the offense in mere general or generic terms, or does not sufficiently define the crime or set forth all its essential elements. In such situation the statutory words must be supplemented by other allegations which so plainly, intelligibly and explicitly set forth every essential element of the offense as to leave no doubt in the mind of the accused and the court as to the offense intended to be charged. *S. v. Cox,* 244 N.C. 57, 92 S.E. 2d 413, and cases cited. See among others *S. v. Watkins,* 101 N.C. 702, 8 S.E. 346; *S. v. Whedbee,* 152 N.C. 770, 67 S.E. 60; *S. v. Ballangee,* 191

N.C. 700, 132 S.E. 795; *S. v. Cole, supra; S. v. Gibbs, supra; S. v. Greer, supra; S. v. Eason,* 242 N.C. 59, 86 S.E. 2d 774; *S. v. Harvey,* 242 N.C. 111, 86 S.E. 2d 793; *S. v. Strickland, supra; S. v. Jordan,* 247 N.C. 253, 100 S.E. 2d 497.

A defect appearing in a warrant or bill of indictment can be taken advantage of only by motion to quash, aptly made, or by motion in arrest of judgment. *S. v. Lucas,* 244 N.C. 53, 92 S.E. 2d 401.

The most appropriate method of raising the question as to whether the bill of indictment charges the commission of any criminal offense is by motion to quash. Yet motion in arrest of judgment may be used to the same end. *S. v. Cochran,* 230 N.C. 523, 53 S.E. 2d, 663; *S. v. Raynor, supra; S. v. Thorne, supra; S. v. Scott, supra; S. v. Faulkner,* 241 N.C. 609, 86 S.E. 2d 81.

Indeed if the offense is not sufficiently charged in the indictment, this Court, *ex mero motu,* will arrest the judgment. See *S. v. Watkins, supra; S. v. Thorne, supra; S. v. Stonestreet,* 243 N.C. 28, 89 S.E. 2d 734; *S. v. Lucas, supra; S. v. Jordan, supra; S. v. Banks,* 247 N.C. 745, 102 S.E. 2d 245; *S. v. Helms,* 247 N.C. 740, 102 S.E. 2d 241.

Applying these principles of law, the bill of indictment, here involved, will be and it is hereby quashed. Hence verdict rendered and the sentence imposed are vacated.

Bill Quashed— Judgment Vacated.

PARKER, J., not sitting.