STATE v. THEODORE M. DANZIGER.

(Filed 11 January, 1957.)

**Automobiles § 3½—**

Where there is no accident, a person is required to exhibit his driver's license only when he is operating or is in charge of a motor vehicle and is requested to do so by an officer.  Therefore, warrant charging defendant with refusal to show his operator's license to a public officer does not charge the offense, and judgment upon such warrant must be arrested.  The warrant should also charge the name of the officer who demands the right to inspect the license.

JOHNSON, J., not sitting.

---

---

APPEAL by defendant from *Hall, J.,* February 1956 Term of ORANGE.

Defendant was tried and convicted in the recorder's court on a warrant issued by the mayor *pro tem* of Carrboro. The warrant charged "on or about the 10 day of January, 1956, Theodore M. Danziger did unlawfully, willfully, fail and refuse to show his Operators license to a public officer in uniform in violation of section 20-29 of the motor vehicles laws of North Carolina, contrary to the form of the statute . . ." Defendant appealed to the Superior Court from the judgment rendered by the recorder. He was tried in the Superior Court on the warrant issued by the mayor *pro tem.* The jury found him guilty of failing to show his operator's license as charged in the warrant. Sentence was imposed and from this judgment defendant appealed.

*Attorney-General Patton and Assistant Attorney-General McGalliard for the State.*
*W. Harold Edwards for defendant appellant.*

PER CURIAM. The holder of a driver's license is only required to exhibit his license upon request, when he is operating or in charge of a motor vehicle, G.S. 20-29. The warrant does not contain this essential averment. It does not charge a criminal offense. *S. v. Gibbs,* 234 N.C. 259, 66 S.E. 2d 883; *S. v. Miller,* 231 N.C. 419, 57 S.E. 2d 392; *S. v. Cole,* 202 N.C. 592, 163 S.E. 594; *S. v. Ballangee,* 191 N.C. 700, 132 S.E. 795. The warrant should also name the officer who demands the right to inspect the license. *S. v. Eason,* 242 N.C. 59, 86 S.E. 2d 774. The judgment is

Arrested.

JOHNSON, J., not sitting.