STATE OF NORTH CAROLINA v. BETTY JO CLARK AND
WALTER CLARK

No. 7310SC824

(Filed 6 March 1974)

1. **Assault and Battery § 14— assault on police officer — sufficiency of evidence**

     In a prosecution for assault on a police officer, evidence was sufficient to be submitted to the jury where it tended to show that an officer asked the female defendant to produce her driver's license, she failed to do so but ran from the officer, he pursued her, caught her and told her she was under arrest whereupon the male defendant stepped between the officer and the female defendant, and a fracas ensued during which defendants pulled the officer, slapped him, kicked him and choked him.

2. **Criminal Law § 169— harmless admission of evidence**

     Admission of testimony by the victim in a prosecution for assault on a police officer that defendant had threatened to shoot him on a previous occasion when he served a warrant on defendant's son, if erroneous, did not prejudice defendant.

APPEAL by defendants from *Godwin, Special Judge,* 21 May 1973 Session, Superior Court, WAKE County. Argued in the Court of Appeals on 23 January 1974.

Defendants were convicted of assault on a police officer. Walter Clark was originally also charged with resisting arrest, but the State elected to take a nolle prosequi. The same was true with respect to the charge of failure to produce a valid operator's license against Betty Jo Clark. Betty Jo Clark was given a six-month sentence suspended for three years. Walter Clark was given a two-year sentence suspended for five years. Each defendant appealed from the judgment entered. Facts necessary to decision are set out in the opinion.

*Attorney General Morgan, by Associate Attorney Maddox, for the State.*

*Jacob W. Todd and Ellis Nassif for defendant appellants.*

MORRIS, Judge.

[1] Defendants first assign as error the court's failure to grant their motions for nonsuit. Decision as to this question rests, of course, upon a determination of whether the evidence, when considered in the light most favorable to the State, is sufficient to support a finding that the offense charged was committed and

---

---

that the defendants committed it. Upon a motion for judgment of nonsuit, "all admitted evidence favorable to the State, whether competent or incompetent, must be considered and must be deemed to be true." *State v. Roseman,* 279 N.C. 573, 580, 184 S.E. 2d 289 (1971). (Citations omitted.)

Examination of the evidence for the State leaves no doubt as to its sufficiency. The State's evidence tended to show: Officer L. T. Liggins, Raleigh Police Department, was on duty in uniform on 6 August 1972. About 9:25 p.m. in the 700 block of Method Road, he saw an automobile being operated by defendant Betty Jo Clark. At the time, he was headed south on Method Road. He saw a 1966 Mustang pull from the curb, drive approximately 40 yards, and stop at an angle to the curb. Officer Liggins pulled to the curb, parked, and turned out the lights on his vehicle. The 1966 Mustang was then backed up onto the curb by its operator. Officer Liggins then pulled up behind the Mustang, turned on his blue light, got out of his vehicle and went to the driver's side of the Mustang. Defendant Betty Jo Clark was the operator of the Mustang. Officer Liggins asked for her driver's license. Her reply was, "What in the hell for?" Officer Liggins informed her that she had been operating her automobile in an abnormal manner and that he had a right to see her driver's license. She started to get out the car as defendant Walter Clark walked from the front door of his residence onto his front porch. As she was getting out, defendant Walter Clark said, "What in the hell is going on here?" Whereupon defendant Betty Jo "took off running toward him." Officer Liggins gave chase and caught her as she reached the front porch. He grabbed her arm and told her she was under arrest for refusing to produce her driver's license. At that point, defendant Walter Clark stepped between the two of them and pulled Officer Liggins, causing him to release defendant Betty Jo Clark. Officer Liggins advised defendant Walter Clark that he was under arrest for assaulting a police officer. Officer Liggins then grabbed Walter Clark from behind with his arm around Clark's neck. Betty Jo started slapping Officer Liggins. They scuffled for some three or four minutes and Walter Clark's wife came out and got in the fracas. During this time, Officer Liggins was kicked, slapped, and choked by defendant Clark. After several minutes during which time the officer tried to get to his police car to call for help, all three of the Clarks freed him and went in the house. Defendant Clark came back out of the house with something in his hand which the officer

could not positively identify. He testified: "It was long, resembling a rifle. It could have been a broom, could have been a handle. I think the light in the front room was out and I could not tell exactly what it was. On a previous occasion Mr. Clark has threatened to shoot me." The occasion was at a time when the officer was serving a warrant on Clark's son. The Clarks closed the front door and locked it. Officer Liggins returned to his patrol car and called for help. When help arrived, they were admitted into the house by Mrs. Clark. The defendants were not in the house. The officers found the defendants approximately 200 yards behind the house "squatting in some bushes." The two were taken back to the police cars where a crowd had gathered. Defendant, Betty Jo, when they got to the street, began shouting and threatening to kick Officer Liggins in the groin. Each of the Clarks was put in a separate police car and all three were taken to the Wake County jail where warrants were signed and served upon them. Sufficiency of the warrants is not before us.

G.S. 20-29 requires that a holder of a driver's license is required to exhibit his license upon request of an officer in uniform, when he is operating or in charge of a motor vehicle. Refusal to do so constitutes a misdemeanor. *State v. Danzinger*, 245 N.C. 406, 95 S.E. 2d 862 (1957). See also G.S. 20-49 (4). Officer Liggins was attempting to perform his duty and had every right to pursue defendant Betty Jo Clark and place her under arrest. The evidence for the State clearly shows that defendants pulled him, slapped him, kicked him and choked him.

Without doubt, the evidence comes within the definition of assault given by Justice Branch in *State v. Roberts,* 270 N.C. 655, 658, 155 S.E. 2d 303 (1967) :

"This Court generally defines the common law offense of assault as 'an overt act or an attempt, or the unequivocal appearance of an attempt, with force and violence, to do some immediate physical injury to the person of another, which show of force or menace of violence must be sufficient to put a person of reasonable firmness in fear of immediate bodily harm.' 1 Strong's N. C. Index, Assault and Battery, § 4, p. 182; *State v. Davis*, 23 N.C. 125; *State v. Daniel,* 136 N.C. 571, 48 S.E. 544; *State v. Gay,* 224 N.C. 141, 29 S.E. 2d 458; *State v. McIver,* 231 N.C. 313, 56 S.E. 2d 604."

Defendants' first assignment of error is overruled.

[2] Defendants' second assignment of error is directed to the court's allowing into evidence the testimony of Officer Liggins that defendant Walter Clark had threatened to shoot him on a previous occasion of his serving a warrant on Clark's son. This assignment of error is without merit. If the court's ruling constituted error, and this we do not concede, we fail to see how defendants were prejudiced. There was ample evidence presented to support the State's contentions. As was said in *State v. Temple,* 269 N.C. 57, 66, 152 S.E. 2d 206 (1967):

> "It is thoroughly established in our decisions that the admission of evidence which is not prejudicial to a defendant does not entitle him to a new trial. To warrant a new trial it should be made to appear by defendant that the admission of the evidence complained of was material and prejudicial to defendant's rights and that a different result would have likely ensued if the evidence had been excluded." (Citations omitted.)

This defendants have not shown.

Defendants' remaining assignments of error are directed to the charge of the court. We have carefully reviewed these assignments of error and find that the charge, when construed contextually, is free from prejudicial error.

It seems clear to us from a reading of the evidence and the charge of the trial judge that defendants were granted a full and fair trial.

No error.

Chief Judge BROCK and Judge CARSON concur.